**UNITED STATES of America, Plaintiff–Appellee,**

*v.*

**Clarence J. HOBBS, Defendant–Appellant.**

**No. 92–8380**

**Non–Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

Jan. 22, 1993.

Suzanne Hashimi, Federal Defender Program, Inc., Atlanta, GA, for defendant-appellant.

Thomas A. Devlin, Jr., Asst. U.S. Atty., Atlanta, GA, for plaintiff-appellee.

Before TJOFLAT, Chief Judge, EDMONDSON and BLACK, Circuit Judges.

PER CURIAM:

Clarence Hobbs received a four-month sentence in a halfway house, followed by a three-year probation, for one count of bank fraud under 18 U.S.C. § 1344. Later, Hobbs violated the terms of his probation. After a hearing, the district court resentenced Hobbs to six months' imprisonment, followed by a two-year term of supervised release. Hobbs appeals, arguing that the district court had no authority to include a supervised release period after the revocation of probation.

Pursuant to 18 U.S.C. § 3565(a)(2), if a defendant violates a probation condition, the district court may revoke probation and "impose any other sentence that was available under subchapter A [18 U.S.C. §§ 3551–59] at the time of the initial sentencing." In turn, 18 U.S.C. § 3551(b)(3) provides that a defendant may be sentenced to "a term of imprisonment as authorized by subchapter D [§§ 3581–86]." And Subchapter D, § 3583(a) says that the court "may include as part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment." So, district courts are authorized to impose a period of supervised release as a consequence of probation revocation.

AFFIRMED.

* *See* Rule 34–2(b), Rules of the U.S. Court of Appeals for the Eleventh Circuit.