UNITED STATES of America, Plaintiff,

v.

Julius HARRISON, Defendant.

Crim. No. 90–393(02) (CRR).

United States District Court,
District of Columbia.

March 10, 1993.

---

Cathleen M. Corken, Asst. U.S. Atty., with whom Jay B. Stephens, U.S. Atty. for the District of Columbia, was on the brief, for United States.

G. Allen Dale, Washington, DC, for defendant.

## MEMORANDUM OPINION

CHARLES R. RICHEY, District Judge.

### I. INTRODUCTION

After testing positive on a number of drug tests, failing to report for drug testing or counseling on other occasions, and missing appointments with his Probation Officer, the above-mentioned Defendant was brought before the Court on January 13, 1993, pursuant to a petition for probation revocation. The Court, after due consideration, found that the

Defendant had been in possession of a controlled substance, namely cocaine, in violation of his conditions of probation and ordered the Defendant detained until re-sentencing, which was set for March 8, 1993.

The issue now before the Court is what sentence the Court must now impose as required by statute. The parties agree that the relevant statute requires the Court to sentence to at least one-third of the Defendant's "original sentence," but dispute whether the "original sentence" means the original sentence of probation or another possible sentence the Defendant might have received under the Sentencing Guidelines. The question appears to be one of first impression in this Circuit. After reviewing the memoranda of the parties, listening to allocution by the Defendant and his new attorney, the Assistant United States Attorney, the applicable statute, and the relevant case law as set forth by counsel, the Court must conclude that 18 U.S.C. § 3565(a)(2), the relevant statute in this case, requires the Defendant to be sentenced to not less than one-third of his original sentence of probation. Because the Defendant was originally sentenced to four years of probation, the new sentence must be at least sixteen months.

## II. BACKGROUND

The Defendant is a 41 year old male who pled guilty on March 11, 1991, to Conspiracy to Distribute some 81.62 grams or more of cocaine base, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A)(iii). Under the Sentencing Guidelines, the Defendant's Base Offense Level was level 32, and his Criminal History Category was Category I. The Defendant was given a two-level downward adjustment under the Guidelines for acceptance of responsibility, leaving an Adjusted Offense Level of 30 and a Guideline sentencing range of 97 to 121 months. The mandatory mini-

mum prescribed by statute was ten years under 21 U.S.C. § 841(b)(1)(A)(iii).

Prior to the Defendant's Sentencing on May 4, 1992, the government moved this Court to depart downward from the Guideline range and mandatory minimum based upon the Defendant's substantial assistance in the prosecution of his fellow conspirators. 18 U.S.C. § 3553(e) permits, but does not require, a Court to depart downward from the mandatory minimum sentence upon the motion of the government "so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense." Likewise, § 5K1.1 of the Sentencing Guidelines provides that the Court "may" depart from the Guideline range "[u]pon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense...." U.S.S.G. § 5K1.1, p.s. Pursuant to 18 U.S.C. § 3553(e) and § 5K1.1, the Court exercised its discretion and departed downward from the Guideline range and the mandatory minimum, and sentenced the Defendant on May 4, 1992, to four years probation.

The Defendant has admittedly failed to comply with the conditions of his probation. He tested positive for cocaine metabolite, benzoylegonine, on four separate occasions. He failed to report for further testing and drug counseling on eleven separate occasions. He also missed at least four appointments with his probation officer. Consequently, the Court held a hearing to determine whether to revoke the Defendant's sentence of probationary supervision. At the hearing, held on January 13, 1993, the Defendant admitted that he had used drugs five times over the period of his probation and did not contest the allegations of non-compliance with his conditions of probation. Based on the evidence presented at the hearing, the Court found that the Defendant had possessed[1] a

1. Neither the Defendant nor the government dispute that the Defendant's positive drug tests, combined with the admissions of the Defendant that he used drugs on a number of occasions, can be taken by the Court to show that the Defendant "possessed" a controlled substance in violation of 18 U.S.C. § 3565(a). The suggestion by the Probation Office that § 3565(a) is inapplicable because evidence of use cannot be taken as evidence of possession *is not* supported by existing case law. *See, e.g., United States v. Gordon,* 961 F.2d 426 (3rd Cir.1992); *United States v. Smith,* 978 F.2d 181 (5th Cir.1992); *United States v. Baclaan,* 948 F.2d 628, 630 (9th Cir.1991); *United States v. Dillard,* 910 F.2d 461, 464 n. 3 (7th Cir.1990).

controlled substance, namely cocaine, in violation of a direct condition of the special conditions of his Probationary Sentence. This is the same drug to which he pled guilty of Conspiracy to Distribute 81.62 grams of cocaine on March 11, 1991. The Court revoked the Defendant's Probationary Sentence and set March 8, 1993, for re-sentencing.

On March 8, 1993, the Court heard both sides prior to the imposition of sentence. The Defendant again admitted that he had used cocaine while on probation. The Court also heard testimony from William T. Conyers, Jr., the Defendant's Probation Officer, who stated that, in addition to the failed drug tests, missed appointments, and failure to cooperate, the Defendant had not yet provided adequate documentation to establish his residence. The Probation Officer also testified he had spoken with a woman who was the Defendant's wife and living at the claimed residence. The wife of the Defendant stated that the Defendant lived there only some of the time and that the Defendant has not been fulfilling his obligations of child support in a timely fashion. The Court must now decide what Sentence, within the requirements of statute and the Guidelines, is appropriate in this case.

## III. BOTH THE WORDS AND STRUCTURE OF THE APPLICABLE STATUTE REQUIRE THE COURT TO IMPOSE A PERIOD OF IMPRISONMENT OF NOT LESS THAN ONE-THIRD OF THE ORIGINAL SENTENCE OF PROBATION

█ Both the Defendant and the government agree that the applicable statute in this case is 18 U.S.C. § 3565(a)(2), as amended by the Anti–Drug Abuse Act of 1988, which provides, in pertinent part:

> Notwithstanding any other provision of this section, if a defendant is found by the court to be in possession of a controlled substance, thereby violating the condition imposed by section 3563(a)(3), the court shall revoke the sentence of probation and sentence the defendant to not less than one-third of the **ORIGINAL SENTENCE.** (emphasis added).

The government asserts that the phrase "original sentence" means the original period of probation, thus requiring the Court to impose a period of imprisonment for at least one-third of the original four-year probation sentence, or 16 months. The Court agrees, because this position is supported by both the words and structure of the statute and the best reasoning of the relevant case law on the subject to date.

First, both statutory and case law make it clear that a term of probation constitutes a "sentence" of the Court, and not a condition in lieu of sentence. 18 U.S.C. § 3551 provides that "[a]n individual found guilty of an offense shall be *sentenced ... to (1) a term of probation ...,*" a fine, or a term of imprisonment. (emphasis added). Likewise, 18 U.S.C. § 3561(a) provides that, under certain circumstances, "[a] defendant may be *sentenced to a term of probation ...,*" (emphasis added). The language of both statutes supports this Court's conclusion that probation is a "sentence." As other courts have recognized, *"[probation] is no longer an alternative to sentencing; it is a sentence in and of itself." United States v. Corpuz,* 953 F.2d 526, 529 (9th Cir.1992) (emphasis added); *accord United States v. Maltais,* 961 F.2d 1485, 1487 (10th Cir.1992); *United States v. Granderson,* 969 F.2d 980, 982 (11th Cir.1992). Consequently, the "original sentence" of the Court, a four-year term of probation, necessarily governs here.

The Court's conclusion that the words "original sentence" refer to the period of probation actually imposed by the Court is supported by the remaining parts of § 3565. § 3565(b), for example, provides that:

> If the defendant is in actual possession of a firearm ... at any time prior to the expiration or termination of the term of probation, the court shall ... revoke the sentence of probation *and impose any other sentence that was available under subchapter A at the time of the initial sentencing.* (emphasis added).

This clear difference in the statutory language between § 3565(b) and the portion of § 3565(a)(2) applicable in this case suggests that Congress intended to distinguish between an "original sentence" of probation

and "any other sentence that was available" at the time of sentencing.

This statutory distinction also appears in another portion of § 3565(a). § 3565(a) provides that:

> If the defendant violates a condition of probation [other than the possession of a controlled substance] at any time prior to the expiration or termination of the term of probation, the court may ... revoke the sentence of probation *and impose any other sentence that was available under subchapter A at the time of the initial sentencing.* (emphasis added).

Consequently, "original sentence" in 18 U.S.C. § 3565(a)(2) does *not* mean, as the Defendant claims, the Guideline range available at the time he was initially sentenced to probation. Congress clearly could have said so, as it did in the other provisions of § 3565 cited by the Court. Rather, the term "original sentence" refers to the sentence of probation which was imposed, namely, four years. This conclusion has also been reached by two Circuits of the United States Court of Appeals which have considered this same question in *United States v. Corpuz*, 953 F.2d 526 (9th Cir.1992), and *United States v. Byrkett*, 961 F.2d 1399 (8th Cir.1992).

The Ninth Circuit in *Corpuz* held that the statutory reference to the "original sentence" must refer to the original sentence of probation in affirming the district court's re-sentencing of the defendant "on the basis of the original sentence of probation." *Id.* at 529. The *Corpuz* court relied, as this Court does, on both on the plain language and the structure of § 3565. The *Corpuz* court went on to note that similar language was used by Congress in 18 U.S.C. § 3583(g). § 3583(g) deals with the termination of a term of Supervised Release, a provision authorized and required to be imposed for many crimes under the Sentencing Reform Act. § 3583(g) provides that:

> If the defendant is found by the court to be in the possession of a controlled substance, the court shall terminate the term of supervised release and require the defendant to serve in prison *not less than one-third of the term of supervised release.* (emphasis added).

This striking similarity with § 3565(a)(2) and clear evidence of legislative intent supports the inevitable conclusion that Congress intended the "original sentence" to mean a sentence of probation imposed by the Court. *See* § 5D1.1 (requiring a period of Supervised Release to follow any sentence of imprisonment of more than one year or when required by statute); *see also, e.g.,* 21 U.S.C. § 841(b)(1) (requiring various periods of Supervised Release for various drug offenses).

The same conclusion has been reached by the Eighth Circuit in *United States v. Byrkett*, 961 F.2d 1399 (8th Cir.1992). The *Byrkett* court agreed with the rationale of *Corpuz* and found that "[i]f Congress, in referring to the 'original sentence,' meant the Guideline range applicable at the time of the initial sentencing, it would have simply said, 'any other sentence that was available ... at the time of the initial sentencing,' as it did ..." in other sections. *Id.* at 1400–01.

The cases on which the Defendant relies can be distinguished, for various reasons. Most of the cases deal with statutory language other than the one at issue in this case. *See, e.g., United States v. White*, 925 F.2d 284 (9th Cir.1991); *United States v. Alli*, 929 F.2d 995 (4th Cir.1991) (interpreting 18 U.S.C. § 3565(b) and that portion of 18 U.S.C. § 3565(a) which requires the imposition of a sentence available "at the time of the initial sentencing"). These provisions contain very different language from the provision at issue and do not therefore apply to the instant controversy. Consequently, these cases do not resolve the proper interpretation of the statute in this case.

Three cases cited by the Defendant do involve the same issue raised by this case. However, none of these cases adequately explains why the plain meaning of the "original sentence" should not be interpreted to apply to sentences of probation. In *United States v. Gordon*, 961 F.2d 426 (3rd Cir.1992), for example, the court stated that "we do not believe that [the term] 'original sentence' reasonably can be construed as applying to the term of probation actually imposed." *Id.* at 431. The *Gordon* court refused to recognize that probation could constitute a "sentence," which is clearly contemplated by stat-

ute. *See supra* at 497 (setting out both the statutory support and case law establishing that probation is a "sentence" like any other).

The Court in *United States v. Granderson*, 969 F.2d 980 (11th Cir.1992), recognized that probation constituted a "sentence," but found that the term "original sentence" was ambiguous. Consequently, the *Granderson* court applied the "rule of lenity":

> When interpreting ambiguous criminal statutes, the rule of lenity comes into play: We 'will not interpret a federal criminal statute so as to increase the penalty that it places on an individual when such an interpretation can be based on no more than a guess as to what Congress intended.'

*Id.* at 982 (quoting *Bifulco v. United States*, 447 U.S. 381, 387, 100 S.Ct. 2247, 2252, 65 L.Ed.2d 205 (1980)). This Court, however, finds the intent of Congress to be clear in the statute, with no ambiguity, but in any event, the Sentence imposed herein is fully consistent with the "rule of lenity," as the Court could have sentenced the Defendant to up to 121 months confinement, as explained hereafter.

■ Even if the intent of Congress as to the meaning of "original sentence" were not clear, the rule of lenity would require at least the result the Court reaches today. In the *Granderson* case, the defendant was sentenced to five years probation for destruction of mail. The maximum period of incarceration under the Sentencing Guidelines for the offense in that case would have been six months. *See* Guideline § 2B1.3. Thus, one-third of the period of probation to which the defendant was sentenced would clearly have been longer than the maximum prison sentence he could have originally received under the Guidelines. Consequently, the *Granderson* court used the "rule of lenity" to interpret § 3565(a)(2) in such a way as to impose the lesser sentence. *Id.* at 983.

However, in the instant case, the four-year term of probation is not longer than the period to which the Defendant *might have been* sentenced. In the instant case, the Defendant argues that, because the Court imposed probation, it must have implicitly departed from the Adjusted Offense Level of 30 to an offense level of 6, allegedly the highest offense level for which probation could have been imposed at the time of sentencing. Consequently, the Defendant claims, the Guideline range for sentencing would have been zero to six months.

The Court observes again that this is plainly wrong and contrary to the Sentencing Reform Act. *See* 18 U.S.C. § 3565(a)(2). At the time of sentencing, the Court was not constrained to sentence the Defendant to probation or to defer to the government's request for a downward departure from the Guidelines. The parties concede that the actual sentence imposed was a matter committed to the sound discretion of the Court and could have ranged anywhere from 0 to 121 months incarceration. Consequently, in this case, as compared with *Granderson* and the other cases cited by the Defendant, the Probationary Sentence was significantly *shorter* than the 121-month sentence the Defendant potentially faced. Thus, under the Defendant's interpretation of "original sentence," the Defendant could face at least 40 months (one-third of 121 months) as a minimum period of incarceration. The rule of lenity, if it applies at all, requires that the phrase "original sentence" be construed in this case as the original sentence of probation. *Cf. United States v. Clay*, 982 F.2d 959 (6th Cir.1993) (also relying on the rule of lenity in interpreting 18 U.S.C. § 3565(a)(2)).

■ Nor is the Court persuaded by the Defendant's argument that, at the "instant" the Court imposed probation on the Defendant, the Court thereby restricted the sentencing options available to 0 to 6 months confinement. Even the cases relied upon by the Defendant recognize that "the *original* determinations of total offense level and criminal history category ..." should be used to determine what sentences were "available" at the time of sentencing. *United States v. Smith*, 907 F.2d 133, 135 (11th Cir.1990) (emphasis added).

In further support of its conclusion, the Court notes that the Sentencing Guidelines relevant to sentencing upon the revocation of probation explicitly recognize that:

*Where the original sentence was the result of a downward departure* (e.g., as a reward for substantial assistance), or a charge reduction that resulted in a sentence below the guideline range applicable to the defendant's underlying conduct, *an upward departure may be warranted.* (emphasis added).

U.S.S.G. § 7B1.4, comment (n. 4). This provision is directly applicable to this case. The Defendant was given a downward departure because of his substantial assistance, but has demonstrated that a Probationary Sentence is inappropriate under the circumstances.

■ Finally, the Court notes that its decision in this case is justified by the purposes underlying the Sentencing Reform Act of 1984. The sixteen-month minimum period of confinement sought here will provide a structured environment for the Defendant and the time needed for him to reorganize his life. He obviously is a person of some ability who has regressed due to the ravages of drugs. From close observation of the Defendant, he remains in "denial" of his serious problem and illness which can only be conquered by a structured environment with accompanying discipline and the resulting help which he cannot provide himself. This in fact represents lenity in sentencing, when compared to the ten (10) year mandatory minimum he would have received upon conviction. Had this Court known from the beginning of the Defendant's "denial" of his serious drug problem, and that he had not been completely forthcoming with his desire to be with his son and wife, the Defendant would have received a much more substantial sentence. The Court views confinement in his case as an absolute necessity before the Defendant gets into more serious trouble than he already has. The long experience of this Judge in working with Probation Officers and treatment facilities throughout the country demonstrate that a shorter period would not have the desired beneficial effect on the Defendant and would merely serve as a "warehouse" for the few months the Defendant will be confined. This is not to suggest that any sentence of confinement is to be taken lightly. The sentence imposed today will more properly sanction the Defendant's breach of trust and serve as a deterrent to others as contemplated by the Sentencing Reform Act and the United States Sentencing Commission Guidelines in Chapter 7, Part A, 3(b).

## IV. SENTENCING REQUIREMENTS

■ The Court, pursuant to 18 U.S.C. § 3553, finds that a period of confinement of sixteen months, the minimum sentence under 18 U.S.C. § 3565(a)(2), sufficient to provide the Defendant with the much needed structure and opportunity he needs to enable himself to reorganize his life which he has demonstrated he cannot do on his own. The Court notes that the period falls outside the Guideline range of three to nine months as calculated by the Probation Office pursuant to § 7B1.4(a), but § 7B1.4, comment (n. 4), specifically recognizes the propriety of an upward departure in this case. *See supra* at 500.

Section 7B1.3(g)(1) of the Guidelines provides that, when a term of imprisonment is imposed following the revocation of probation, the provisions of §§ 5D1.1–1.3 should be applied with respect to the imposition of a term of Supervised Release. § 5D1.1(a), in turn, provides that:

The court *shall* order a term of supervised release to follow imprisonment when a sentence of imprisonment of more that one year is imposed, or when required by statute. (emphasis added).

In this case, the Court has discretion under § 5D1.2 to determine an appropriate period of Supervised Release. The Court finds that a period of three years of Supervised Release is proper here to fulfill the purposes of 18 U.S.C. § 3553. *See United States v. Hobbs,* 981 F.2d 1198 (11th Cir.1993). In *Hobbs,* the court specifically recognized that district courts were authorized to impose a period of Supervised Release following the revocation of probation, as in this case. *See also* 18 U.S.C. § 3583(a):

The court, in imposing a sentence to a term of imprisonment for a felony or a misdemeanor, may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment . . .

501

Consequently, a period of Supervised Release is appropriate in this case.

### V. CONCLUSION

Accordingly, and as will be set forth today in a separate Judgment and Commitment Order, the Court will impose a Sentence of sixteen (16) months in accordance with the foregoing as consistent with law, the purpose of rehabilitation, and the need for deterrence to others who may be tempted to break the law and the terms and conditions of their Probationary Sentences. In addition, the Defendant shall also be placed in Supervised Release for a term of three (3) years upon his release from confinement.

Within 72 hours after his release from the Bureau of Prisons, the Defendant shall report, in person, to the U.S. Probation Office in the district to which the Defendant is released.

While on supervised release, the Defendant shall not commit another federal, state, or local crime; shall abide by the standard conditions of supervised release as recommended by the United States Sentencing Commission; and shall abide by all of the Standard Conditions of Supervision promulgated by the United States Sentencing Commission and as directed by the Probation Officer to whom his case may be assigned or as directed by the Court.

In conclusion, the Court takes this opportunity to thank Mr. Allen Dale for his competent advocacy and professionalism and Ms. Cathleen M. Corken, the Assistant United States Attorney, for her professionalism and assistance in this case.