47 F.3d 1176
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Christopher LOPEZ, Defendant-Appellant.
 No. 94-50231.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 11, 1995.
Decided Feb. 6, 1995.
 
 1
 Before: CANBY and NOONAN, Circuit Judges, and KING,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Christopher Lopez appeals the 18 month jail sentence he was given following revocation of probation. We uphold his sentence.
 
 
 4
 Under 18 U.S.C. Sec. 3565(a)(2), the statute that governs revocation of probation, a district court is to impose a sentence "available ... at the time of original sentencing" when an individual violates the terms of his or her probation. This court has held that the sentence "available ... at the time of the original sentencing" includes the sentence allowed before a district court grants a downward departure under the Sentencing Guidelines. United States v. Forrester, 19 F.3d 482, 484 (9th Cir.1994). See also United States v. Harrison, 815 F.Supp. 494, 499 (D.D.C.1993) (because the court was not constrained to defer to the government's request for a Sec. 5K1.1 downward departure before imposing original sentence, the range of sentences "available" at the time of original sentencing includes sentences available if the court had not granted the downward departure). In this case, if the district court had not granted Lopez a Sec. 5K1.1 departure before imposing the original sentence, his offense level would have been 13 and his Criminal History Category II, allowing a jail sentence between 15 and 21 months. The 18 month sentence was within this range, and therefore was permissible under the statute. To the extent that the permissible range under the statute conflicts with that suggested by the Guidelines' policy statements, the statute controls. Forrester, 19 F.3d at 484.
 
 
 5
 We also find that the district judge adequately considered policy statements issued by the Sentencing Commission as required by 18 U.S.C. Sec. 3553(a)(5). The district judge cited to an Sec. 7B1.4, Application Note 4, which authorizes an upward departure from the Revocation Table, in explaining how he reached the sentence, and we assume that he was aware of all of the Commission's policy statements at the time he imposed the sentence.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3