[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 1, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-10323

_____

D. C. Docket No. 04-00330-CR-01-JOF-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TRAVIS CORK,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(October 1, 2007)**

Before BIRCH, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Travis Cork appeals his resentence of eighteen months of imprisonment and one year of supervised release, which was imposed after the district court revoked Cork's probation.  Cork had initially had been sentenced to five years of probation after pleading guilty to the underlying offense of conviction of making interstate threats to injure the reputation and property of a person.  On appeal, Cork argues that the district court:  (1) violated his constitutional rights or otherwise erred in resentencing him to eighteen months of incarceration and one year of supervised release and (2) abused its discretion in resentencing him to eighteen months of imprisonment, above the Guidelines' range, or, alternatively, that his resentence was unreasonable.[1]  For the following reasons, we AFFIRM.

## I.  FACTS

In June 2004, a federal grand jury indicted Cork on multiple counts of making interstate threats to injure the reputation and property of a person, in violation of 18 U.S.C. § 875(d).  The indictment alleged that, on different occasions, Cork left threatening voice messages on the answering machine of an individual and his family.

---

[1] Cork also argues that the district judge erred in failing to recuse himself.  Because Cork's recusal motion rested on arguments that were different from those he now raises on appeal, we review this claim for plain error only.  United States v. Wright, 392 F.3d 1269, 1279 (11th Cir. 2004).  Plain error review also applies where, as in this case, a party fails to invoke a recusal statute in its motion to recuse.  Hamm v. Members of Bd. of Regents of the State of Florida, 708 F.2d 647, 651 (11th Cir. 1983).  We have reviewed the entire record, including the transcripts of the revocation proceeding, and conclude that the district judge did not plainly err in refusing to recuse himself.

2

Cork, through appointed counsel, initially pled not guilty to all of the counts of the indictment, but later agreed to plead guilty to count seven in consideration of the government's agreement to dismiss the remaining counts against him. Cork also agreed to be evaluated by a prison psychiatrist, and, if Cork was found to be suffering from a mental defect, the government stated that it would recommend a sentence of probation and hospitalization in lieu of incarceration.

The district court accepted Cork's plea, found him guilty of count seven of the indictment, and sentenced him to five years of probation. Cork's probation conditions required him to: (a) submit to mental health counseling; (b) obtain and maintain employment; (c) report to the probation officer and submit a written report within the first five days of each month; (d) answer truthfully all inquiries by the probation officer and follow the officer's instructions; and (e) notify his probation officer within ten days of any change in his address. Although Cork filed a direct appeal in the underlying action, he later dismissed his appeal voluntarily.

This case arose in March 2006, when a probation officer petitioned to revoke Cork's probation because Cork failed: (a) to report as directed or to submit timely monthly reports; (b) to secure employment; (c) to allow his probation officer to visit him or to answer the door on "numerous" occasions; and (d) to notify his

3

probation officer that he was changing residences. The district court appointed new counsel for Cork on this petition.

Cork initially responded by filing a pro se motion to recuse, arguing that the district judge had violated the law by departing from the applicable Guidelines' range in sentencing Cork to five years of probation in the underlying action, in violation of 18 U.S.C. § 875(d). Section 875 provides, in relevant part, that an individual convicted under subsection (d) "shall be fined under this title or imprisoned not more than two years, or both." 18 U.S.C. § 875(d). The district court denied this motion.

The district court held a hearing on the probation revocation petition in January 2007, during which Cork was argumentative and hostile towards the district court and the Assistant United States Attorney. Cork advised the district court that he was "going to put you [the court] away. Your name is not going to be mentionable in this building . . . I'm going to ruin you." R7 at 8-9. Eventually, the district court ordered Cork to be escorted from the courtroom, but did not hold him in contempt and asked whether Cork expressed a desire to return to the courtroom.

After the hearing, the district court found the government proved by a preponderance of the evidence that Cork violated the conditions of his probation as to three of the allegations, but not that he changed residences without first

notifying his probation officer. The court then requested the United States Marshal to ask Cork whether he wanted to address the court in allocution. Apparently, Cork did not, and so his attorney spoke on his behalf. Cork's attorney stated that he had "great admiration" for the court's patience, admitted that Cork "definitely [had] pushed some buttons," and thanked the court "for not letting [Cork] have it when you [the court] easily could [have]." Id. at 40-41.

The district court resentenced Cork to eighteen months of imprisonment, followed by one year of supervised release, and recommended that the Bureau of Prisons put him in a facility that offered a high level of psychiatric treatment. This appeal followed.[2]

## II. DISCUSSION

Cork raises two arguments on appeal with regard to his resentencing. First, Cork contends that, as a result of his most recent arrest, he will have to serve more than the statutory maximum penalty of twenty-four months of imprisonment for his underlying offense of conviction, in violation of Article I, § 9 and the Fifth and Sixth Amendments to the United States Constitution. Second, Cork argues that his eighteen-month resentence was unreasonable because it exceeds the Guidelines'

---

[2] Cork was released from custody in April 2007, presumably after receiving credit for time served while he remained in custody during the pendency of his case in the district court. Cork has since been indicted for threatening a federal official and is again in custody; this new case is still pending.

recommended range of three-to-nine-months, and because Cork's probation violations were "technical" in nature. Cork's Brief at 12. We address each argument in turn.

A.  Constitutionality and Legality of Cork's Resentence

We review a constitutional challenge to a sentence de novo. See United States v. Chau, 426 F.3d 1318, 1321 (11th Cir. 2005) (per curiam). We review the legality of a sentence de novo, including a sentence imposed pursuant to revocation of a term of probation. See United States v. Mitsven, 452 F.3d 1264, 1265-66 (11th Cir.), cert. denied, ___ U.S. ___, 127 S. Ct. 663 (2006). A district court is vested with the authority to sentence a defendant after a probation revocation pursuant to 18 U.S.C. § 3565. Section 3565(a)(2) provides that "[i]f [a] defendant violates a condition of probation at any time prior to the expiration or termination of the term of probation, the court may, after a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure, and after considering the factors set forth in section 3553(a) to the extent that they are applicable . . . (2) revoke the sentence of probation and resentence the defendant under subchapter A." 18 U.S.C. § 3565(a)(2).

Subchapter A, in turn, consists of 18 U.S.C. §§ 3551-3559. See United States v. Cook, 291 F.3d 1297, 1301 (11th Cir. 2002) (per curiam). Under 18

U.S.C. § 3553(a), a district court must consider certain factors before imposing a sentence, including: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to afford adequate deterrence, to promote respect for the law, to provide just punishment for the offense, to protect the public, and to provide the defendant with needed educational or vocational training or medical care; (3) the kinds of sentences available; (4) the Sentencing Guidelines' range; and (5) pertinent Sentencing Commission policy statements. See 18 U.S.C. § 3553(a).

A district court is expressly permitted to resentence a defendant upon revocation of probation without regard to the sentencing range applicable at the time of the initial sentencing hearing.[3] See Cook, 291 F.3d at 1300. Instead, a court must only comply with subchapter A of the Code when sentencing a defendant. See id. A district court is "authorized to impose a period of supervised release as a consequence of probation revocation." United States v. Hobbs, 981 F.2d 1198, 1199 (11th Cir. 1993) (per curiam).

Contrary to Cork's arguments on appeal, the district court was not bound by the statutory maximum for the underlying offense when resentencing him, and, in any event, Cork's ultimate resentence of eighteen months of imprisonment was less

---

[3] The statutory maximum for the offense of making interstate threatening communications, with the intent to extort, to another person is two years' imprisonment. See 18 U.S.C. § 875(d).

7

than the underlying offense's statutory maximum of twenty-four months.

Moreover, the court complied with the provisions of subchapter A in imposing Cork's resentence. Specifically, the district court noted that it had considered as part of its resentencing: (a) the nature and circumstances of Cork's probation violations in concluding that a sentence below the statutory maximum was appropriate; (b) Cork's personal history and characteristics; and (c) the need to provide Cork with psychiatric treatment. R7 at 37-38, 43, 46. Finally, the district court was permitted to impose a term of supervised release as a part of Cork's resentence.

Upon review of the record, and upon consideration of the briefs of the parties, we conclude that the district court committed no error, constitutional or otherwise, in resentencing Cork.[4]

B.      Reasonableness of Cork's Resentencing

We review for an abuse of discretion a district court's decision to exceed the advisory sentencing range in Chapter 7 of the Sentencing Guidelines, U.S.S.G.

---

[4] To the extent that Cork attempts to assert that his sentence of five years of probation, imposed in the underlying action, was unlawful, this issue is not properly before us. Cork filed a notice of appeal regarding this sentence, but later dismissed this appeal with prejudice. Moreover, to the extent that Cork attempts to assert an argument as to the legality of a sentence that may be imposed at a future supervised release revocation hearing, the issue is not ripe for review at this time. See Atlanta Gas Light Co. v. F.E.R.C. 140 F.3d 1392, 1404 (11th Cir. 1998) ("'A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all.'") (quoting Texas v. United States, 523 U.S. 296, 300, 118 S. Ct. 1257, 1259 (1998)).

§ 7B1.4. See United States v. Silva, 443 F.3d 795, 798 (11th Cir. 2006) (per curiam). We review the sentence imposed upon the revocation of probation for reasonableness. See United States v. Sweeting, 437 F.3d 1105, 1106-07 (11th Cir. 2006) (per curiam) (in the context of supervised release).

While a district court must consider the factors outlined in 18 U.S.C. § 3553(a) when sentencing a defendant, it is not required to discuss each factor on the record. United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005) (per curiam). We reaffirmed this holding in United States v. Dorman, 488 F.3d 936, 944 (11th Cir. 2007), where we upheld a defendant's sentence as reasonable, "[d]espite the district court's failure to explicitly articulate that it had considered the § 3553(a) factors," since the record revealed that the court, in fact, had considered a number of sentencing factors. "The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court." United States v. Williams, 456 F.3d 1353, 1363 (11th Cir. 2006), cert. dismissed, ___ U.S. ___, 127 S. Ct. 3040 (2007). "[T]here is a range of reasonable sentences from which the district court may choose" and the burden of demonstrating unreasonableness rests with the party challenging the sentence. Talley, 431 F.3d at 788.

Upon review of the record, and upon consideration of the briefs of the

9

parties, we conclude that the district court did not abuse its discretion in imposing a resentence of eighteen months of imprisonment at the revocation hearing, nor was this resentence unreasonable.

The policy statements of Chapter 7 are merely advisory and not binding, and the district court, after expressly considering a number of § 3553(a) factors, found that a sentence exceeding the Guidelines' range was necessary. First, the district court explained that it imposed a resentence in excess of the recommended range because Cork needed psychiatric treatment, and it was "dubious" whether he would receive treatment out of prison. R7 at 43. The need for medical treatment is a sentencing factor that the district court may consider, and it is granted broad discretion to determine the weight to give any particular sentencing factor. Second, the district court noted that Cork had "returned to his pattern of threatening the . . . reputation of somebody else . . . [s]o he is a danger." Id. Third, the district court declined to sentence Cork to the maximum period of imprisonment possible because Cork's probation violations were relatively technical in nature. Id. at 37-38. Finally, Cork's eighteen-month resentence did not exceed the statutory maximum for the underlying offense of conviction.

Accordingly, we conclude that the district court did not abuse its discretion in resentencing Cork to eighteen months of imprisonment, nor was this resentence

unreasonable.

## III. <u>CONCLUSION</u>

Cork has appealed his eighteen month resentence, which the district court imposed after revoking Cork's probation. Having reviewed the record, we conclude that district court committed no error in resentencing Cork, that the sentence imposed was reasonable, and that the district court did not err in denying Cork's motion to recuse. **AFFIRMED.**