[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

—————————

No. 05-12647

—————————

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 22, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 02-80101 CR-DTKH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GARY MITSVEN,

Defendant-Appellant.

—————————

Appeal from the United States District Court
for the Southern District of Florida

—————————

**(June 22, 2006)**

Before DUBINA, KRAVITCH and JOHN R. GIBSON*, Circuit Judges.

DUBINA, Circuit Judge:

———————————

*Honorable John R. Gibson, United States Circuit Judge for the Eighth Circuit, sitting by
designation.

Appellant, Gary Mitsven ("Mitsven"), appeals the district court's imposition of supervised release as part of Mitsven's sentence following his probation revocation.  For the reasons that follow, we affirm.

## I. BACKGROUND

A federal grand jury in the Southern District of Florida indicted Mitsven with several drug related charges.  Mitsven pled guilty to one count of the indictment.  The probation officer prepared a presentence investigation report ("PSI"), which indicated a sentencing guideline range of 21 to 27 months imprisonment.  In March 2003, the district court sentenced Mitsven to a term of five years probation, explaining at the later revocation hearing that it sentenced Mitsven to probation in recognition of his efforts to assist the Government.

On July 13, 2004, Mitsven's probation officer filed a petition to revoke probation, informing the district court that Mitsven unlawfully used or possessed a controlled substance, refused to submit to a drug test, failed to submit monthly reports for May and June 2004, failed to notify his probation officer on three occasions regarding changes in employment, twice failed to participate in an approved treatment program, and violated the law based on his state arrest for possession of various controlled substances and paraphernalia.  Mitsven appeared before a magistrate judge for an initial appearance on the alleged violations.

2

Mitsven admitted the violations, and the magistrate judge recommended that the district court find Mitsven guilty of violating the terms of his probation.

On April 22, 2005, the district court conducted a revocation hearing, noting that the applicable guideline imprisonment range for the underlying offense was 21 to 27 months. After some discussion, the district court indicated that it would sentence Mitsven to one year and one day imprisonment. However, when the district court learned that Mitsven would only receive credit for time he served in federal custody, it reduced the sentence from one year and one day to four months imprisonment. The district court noted that the sentence would be followed by a three year term of supervised release.

Mitsven filed a motion to correct sentence, requesting that the district court strike his term of supervised release. Mitsven argued that when he was sentenced on April 22, 2005, the district court sentenced him pursuant to 18 U.S.C. § 3565(b), which does not mandate that a term of supervised release be imposed. Mitsven asserted that when a defendant is sentenced for a violation of probation, he is sentenced for that violation and not for the offense for which he was placed on probation. On the contrary, the Government claimed that the district court re-sentenced Mitsven for his original offense, and because the court imposed a term of imprisonment, it was statutorily required to impose a minimum three year term

3

of supervised release, in accordance with 21 U.S.C. § 841(b)(1)(C). After considering the arguments of Mitsven and the government, the district court denied Mitsven's motion to correct his sentence.

## II.  ISSUE

Whether the district court erred in concluding that it was required to impose a term of supervised release following a sentence of imprisonment imposed for a probation violation.

## III.  STANDARD OF REVIEW

"This court reviews *de novo* the legality of a sentence, including a sentence imposed pursuant to revocation of a term of supervised release." *United States v. Pla*, 345 F.3d 1312, 1313 (11th Cir. 2003) (citation omitted). Moreover, this court generally reviews a district court's revocation of probation for an abuse of discretion. *See United States v. Frazier*, 26 F.3d 110, 112 (11th Cir. 1994) (using this standard of review for reviewing revocation of supervised release).[1]

## IV.  ANALYSIS

Mitsven's principal argument in this appeal is that the district court erred in concluding that it was required to impose a term of supervised release in addition

---

[1]The analysis of the revocation proceedings relating to probation and supervised release are "essentially the same." *See United States v. Almand*, 992 F.2d 316, 318 n.5 (11th Cir. 1993).

to a sentence of imprisonment for a probation violation. Although Mitsven acknowledges that the governing statute, 18 U.S.C. § 3565(b), requires a term of imprisonment be imposed after the revocation of probation, Mitsven asserts that it does not require that a term of supervised release also be imposed. Mitsven claims that nowhere in § 3565(b) or other relevant code sections, is supervised release mandated. He contends that a term of supervised release would only be required if his original sentence had included a term of imprisonment.

On the contrary, the Government responds that the district court did not misinterpret the statutory scheme that governs the revocation of probation, and it correctly sentenced Mitsven to a mandatory term of supervised release. The Government notes that § 3565(b) requires that a sentence be imposed under subchapter A to include a term of imprisonment. The Government contends that subchapter A instructs the court to impose a term of imprisonment as authorized by subchapter D, which states that a defendant be placed on supervised release if it is required by statute. The Government also asserts that subchapter D requires the court to look to the statute of the underlying offense of the conviction to determine if supervised release is required. The Government argues that because the statute governing Mitsven's underlying conviction – 21 U.S.C. § 846 – in its applicable penalty provision mandates a minimum term of three years of supervised release

5

following a term of imprisonment, the court was required to impose a term of supervised release. In sum, the Government contends that, pursuant to the statutory scheme, Mitsven had to be sentenced to a term of imprisonment, which, in turn, required that he be sentenced to a statutorily mandated term of supervised release.

A district court has authority to sentence a defendant after a probation revocation pursuant to 18 U.S.C. § 3565. *United States v. Cook*, 291 F.3d 1297, 1299 (11th Cir. 2002). The court is required to revoke a defendant's probation if the defendant: (1) possesses a controlled substance; (2) possesses a firearm; (3) refuses to comply with drug testing; or (4) as part of the drug testing, tests positive for illegal controlled substances more than three times over the course of one year. 18 U.S.C. § 3565(b). This section also mandates that, upon revocation of probation, the court re-sentence the defendant under subchapter A to a sentence that includes a term of imprisonment. *Id.* Subchapter A, which is 18 U.S.C. §§ 3551-3559, contains general provisions regarding the imposition, review, and implementation of sentences. Subchapter A, 18 U.S.C. § 3551(b)(3), instructs the court to impose a term of imprisonment as authorized by subchapter D. Subchapter D contains general provisions governing terms of imprisonment. *See* 18 U.S.C. §§ 3581-3586. Of particular relevance within subchapter D is 18 U.S.C.

§ 3583, which governs the inclusion of a term of supervised release after imprisonment and states that:

> The court, in imposing a sentence to a term of imprisonment for a felony or a misdemeanor, may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment, except that the court shall include as a part of the sentence a requirement that the defendant be placed on a term of supervised release if such a term is required by statute . . . .

18 U.S.C. § 3583(a). In interpreting § 3583(a), we have held that "district courts are authorized to impose a period of supervised release as a consequence of probation revocation." *United States v. Hobbs*, 981 F.2d 1198, 1199 (11th Cir. 1993).

In the present case, Mitsven admitted the allegations contained in the petition to revoke probation, which included the allegations that he unlawfully used or possessed a controlled substance and refused to submit to a drug test. Because of Mitsven's admissions, the district court was required to revoke his probation and re-sentence him under subchapter A to a sentence that included a term of imprisonment. *See* 18 U.S.C. § 3565(b)(1), (3). Subchapter A required the district court to take into consideration the general provision of subchapter D, which, as stated above, permits a court to impose a term of supervised release following a sentence of imprisonment, except where the term of supervised release

7

is required by statute, then the court is required to impose a term of supervised release. Thus, the crux of Mitsven's appeal is whether the term "statute," referenced in § 3583(a)'s requirement that a term of supervised release be imposed where "required by statute," includes the statute of the underlying conviction. We conclude that it does.

In Mitsven's case the statute of the underlying conviction is 21 U.S.C. § 846 and its applicable penalty provision, 21 U.S.C. § 841(b)(1)(C). This statute states, in part, that "any sentence imposing a term of imprisonment under this paragraph shall, in the absence of such a prior conviction, impose a term of supervised release of at least 3 years in addition to such term of imprisonment." 21 U.S.C. § 841(b)(1)(C). If the term "statute" includes the statute of the underlying conviction, then the district court correctly interpreted the term and properly sentenced Mitsven to a minimum three year term of supervised release.

We have not specifically addressed this question in our circuit. In *Cook*, we held that a district court is authorized to re-sentence a defendant upon revocation of probation without being restricted by the guidelines range applicable at the time of the initial sentencing hearing. 291 F.3d at 1300. The court must only comply with subchapter A of the Code when sentencing the defendant. *Id.* However, we did not state that the district court could not look to the original statute of

8

conviction when imposing a sentence for probation violation; we stated that the district court was not confined by the original sentence of conviction. *See id.* Another case from our circuit, *Hobbs*, 981 F.2d at 1199, gives district courts the authority to impose a term of supervised release upon revocation of probation if they so chose, but it does not resolve the instant issue of whether a court is required to look to the statute of the underlying offense to determine if a term of supervised release is "required by statute" as stated in subchapter D.

In *United States v. Vasquez*, 160 F.3d 1237, 1238 (9th Cir. 1998), the Ninth Circuit found that the plain meaning of the language of 18 U.S.C. § 3583(a) is that upon a revocation of probation, a court may impose a term of imprisonment followed by a term of supervised release. The court also noted that, "it is settled that a probation revocation resubjects the violator to resentencing for the underlying crime; the sentence imposed is thus for the original criminal offense, rather than for the conduct that led to the revocation." *Id.* at 1239. We agree.

This court's review of criminal sentences is limited by statute. Under 18 U.S.C. § 3742(a), this court may inquire only into whether the sentence was "imposed in violation of law," was "a result of an incorrect application of the sentencing guidelines," or was "plainly unreasonable." Mitsven cannot show that his sentence satisfies any of these inquiries. His sentence was not imposed in

9

violation of the law because the revocation statute mandates a term of imprisonment upon a finding of probation revocation. Although there is nothing in this statute which requires the imposition of supervised release in addition to a term of imprisonment, there is nothing in this statute which states that the district court cannot impose supervised release upon revocation of probation. Alternatively, the imposition of supervised release is required under § 3583(a) if it is mandated in the statute that establishes the underlying conviction. Thus, we conclude that Mitsven cannot show that the district court imposed supervised release in violation of the law.

Additionally, Mitsven's sentence was not the result of an incorrect application of the sentencing guidelines because the revocation guidelines are advisory, not binding. *See* U.S.S.G. Ch. 7, pt. A(1), (3)(a); *Cook*, 291 F.3d at 1301; *United States v. Albright*, 67 Fed. Appx. 751, 755-56 (3d Cir. 2003). Nor can Mitsven show that his sentence was unreasonable. Mitsven's probation violations were classified as Grade A because they involved a controlled substance offense. *See* U.S.S.G. § 7B1.1(a)(1). Upon finding a Grade A violation, the court shall revoke probation. U.S.S.G. § 7B1.3(a)(1). Based on Mitsven's criminal history category of III, the guideline imprisonment range for a Grade A violation is 18 to 24 months, pursuant to § 7B1.4(a). The revocation guidelines are

10

advisory, and the court has discretion to impose any sentence within the statutory term as long as it takes the guidelines into consideration. *See Cook*, 291 F.3d at 1301-02.

Mitsven was convicted of conspiracy to manufacture and to possess with intent to distribute marijuana, in violation of 21 U.S.C. § 846. The applicable penalty provision is 21 U.S.C. § 841(b)(1)(C), which provides that "any sentence imposing a term of imprisonment under this paragraph shall, in the absence of such a prior conviction, impose a term of supervised release of at least 3 years in addition to such term of imprisonment." When Mitsven was sentenced to a term of probation, no term of supervised release was required by the statutory scheme. However, when Mitsven was subject to the provisions of a mandatory revocation, he had to receive a term of imprisonment. Thus, because of the language of the underlying statute of conviction, the district court was required to impose a term of supervised release because it was sentencing Mitsven to a term of imprisonment. The court correctly looked to Mitsven's original sentencing guideline range, as calculated in the PSI, then allowed credit for time served and imposed a four-month term of imprisonment. *See United States v. Peterson*, 394 F.3d 98, 103 (2d Cir. 2005) (stating that under 18 U.S.C. § 3565, a person found to have violated probation is subject to all the penalties available to the court at the time of his

initial sentencing).  *See also* U.S.S.G. Ch.7, pt. A(2)(a) (stating that the court may revoke probation and impose any other sentence that initially could have been imposed).  We conclude that this sentence is neither in violation of the law nor unreasonable.

## V.  CONCLUSION

For the above-stated reasons, we conclude that the district court did not err in finding that it was required to sentence Mitsven to a term of supervised release when it revoked his term of probation.  Because revocation of Mitsven's probation was mandatory and required that he be sentenced to imprisonment, the district court correctly imposed a minimum three year term of supervised release.  Moreover, because the district court did not err in interpreting the statutory scheme, we affirm Mitsven's sentence.

**AFFIRMED.**