[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 04, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-12258
Non-Argument Calendar

_____

D. C. Docket No. 05-20620-CR-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

YUDIESKY MACHADO-GONZALEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(February 4, 2009)**

Before BLACK, BARKETT and KRAVITCH, Circuit Judges.

PER CURIAM:

Yudiesky Machado-Gonzalez appeals his 60-month sentence imposed on

revocation of his supervised release. After a thorough review of the record and the parties's briefs, we affirm.

I. Background

Machado-Gonzalez was indicted for conspiracy to commit alien smuggling and several other related charges in February 2005. He was released on bond pending trial and one of the conditions of bond required that he not board any water vessels. After Machado-Gonzalez pleaded guilty to the conspiracy charge but before he was sentenced, he was arrested for attempting to smuggle aliens. Machado-Gonzalez was later sentenced for the smuggling charge to one year of imprisonment and one year of supervised release.

As a result of violating the terms of his bond, Machado-Gonzalez was indicted for criminal contempt, in violation of 18 U.S.C. § 401(3). Machado-Gonzalez agreed to plead guilty to the criminal contempt charge and the plea agreement advised that the court could impose a sentence of up to life imprisonment and five years' supervised release. Prior to sentencing, the probation officer prepared a presentence investigation report ("PSI"), listing the contempt offense as a Class A felony. Machado-Gonzalez's criminal history category was II. The probation officer noted that the court could impose a term of imprisonment and, if more than one year was imposed, the guidelines range for the subsequent

term of supervised release was three to five years.

In January 2006, the court sentenced Machado-Gonzalez to 24 months' imprisonment for the contempt offense. The court also imposed a three-year term of supervised release. Machado-Gonzalez made no objections to the imposition of supervised release. Machado-Gonzalez's term of supervised release began in November 2007.

In March 2008, the probation officer petitioned the court to revoke Machado-Gonzalez's release after Machado-Gonzalez violated the terms of his release by leaving the jurisdiction without permission. According to the records, Machado-Gonzalez and another person operated a "go-fast boat" and refused to stop when approached by the Coast Guard.

At the revocation hearing, Machado-Gonzalez admitted the allegations. The court determined that the guidelines range for the violation of supervised release was four to ten months' imprisonment. The statutory maximum sentence was 60 months' imprisonment. The district court inquired into Machado-Gonzalez's background, learning that Machado-Gonzalez had entered the country illegally in 2004 and that he had been convicted of alien smuggling. The court also questioned the circumstances of the violation of supervised release. After considering the arguments, the district court found that Machado-Gonzalez violated the terms of

his release and revoked the release. The district court sentenced Machado-Gonzalez to five years' imprisonment, stating that it had considered Machado-Gonzalez's illegal entry into the country and his repeated smuggling offenses. Machado-Gonzalez now appeals, arguing (1) the district court was not authorized to impose supervised release in connection with his original criminal contempt offense; (2) even if the district court could impose a term of supervised release, it did not have the authority to impose a 3-year term of supervised release where the underlying conviction was for criminal contempt; and (3) the 60-month sentence was unreasonable.

II. Discussion

We review a district court's revocation of supervised release for an abuse of discretion. United States v. Mitsven, 452 F.3d 1264, 1266 (11th Cir. 2006). However, when "a defendant raises a sentencing argument for the first time on appeal, we review for plain error." United States v. Aguillard, 217 F.3d 1319, 1320 (11th Cir. 2000) (supervised release revocation case). "[T]o correct plain error: (1) there must be error; (2) the error must be plain; and (3) the error must affect substantial rights." Id. (internal quotations omitted).

1. Imposition of Supervised Release

Machado-Gonzalez argues that the district court erred in imposing

supervised release following his original term of imprisonment for criminal contempt because supervised release is not authorized for a contempt violation, as contempt is neither a felony nor a misdemeanor offense. Machado-Gonzalez claims that he can establish plain error because the error was "clear" or "obvious," as the district court was not authorized to impose a term of supervised release for a violation of § 401(3) and the error affected his substantial rights. In addition, he argues that this issue raises a jurisdictional claim which may not be deemed procedurally defaulted on appeal.

We will not consider challenges to the validity of a sentence that are raised for the first time in a supervised release revocation hearing. United States v. Almand, 992 F.2d 316, 317-18 (11th Cir. 1993). Thus, Machado-Gonzalez cannot challenge the validity of the imposition of a term of supervised release because the proper method of raising such arguments is in a § 2255 motion to vacate his sentence. Almand, 992 F.2d at 317.

2. District Court's Authority

Machado-Gonzalez argues that even if the court could impose supervised release, the term of supervised release imposed was incorrect because the district court erred by classifying his contempt offense as a Class A felony instead of a Class E felony that would be subject to one year of supervised release. He

5

concedes, however, that this court has yet to decide whether criminal contempt constitutes a Class A felony. He urges this court to follow <u>United States v. Carpenter</u>, 91 F.3d 1282 (9th Cir. 1996), holding that a criminal contempt offense should be classified for sentencing purposes according to the sentencing guidelines applicable to the most analogous offense. In his reply brief, Machado-Gonzalez further contends that this is a jurisdictional question and thus should be reviewed <u>de novo</u>. However, even if we review this issue for plain error, he claims reversal is required because in <u>United States v. Lippner</u>, 676 F.2d 456 (11th Cir. 1982), we found plain error when a district court improperly enhanced the defendants' sentences based on non-final convictions.

As discussed above, <u>Almand</u> forecloses Machado-Gonzalez's argument as to whether the district court had the authority to sentence him to a term of three years' supervised release because the proper method of raising such arguments was in a § 2255 motion to vacate his sentence.

3. Reasonableness

Machado-Gonzalez argues that the 60-month sentence imposed upon revocation of his release was unreasonable. He notes that he admitted the violation, which is usually considered a mitigating factor at sentencing, and the district court failed to fully articulate why the maximum sentence was warranted.

6

He further argues that the court impermissibly based its sentence on his illegal entry into the United States and the court's disappointment with the government's failure to charge him with a new offense based on the altercation with the Coast Guard that led to his supervised release revocation.

We review a sentence imposed upon revocation of supervised release for reasonableness. United States v. Sweeting, 437 F.3d 1105, 1106-07 (11th Cir. 2006). We have not specifically held what standard applies where, as here, the defendant failed to object to the reasonableness of the sentence at the sentencing hearing. Nevertheless, we need not decide the appropriate standard of review, because under either standard, Machado-Gonzalez's argument fails.

Under 18 U.S.C. § 3583(c), a district court may impose a sentence of imprisonment for a violation of supervised release after considering factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B)-(D), and (a)(4)-(7). 18 U.S.C.§ 3583(e)(3). These factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed . . . to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed . . . [treatment] . . . ; (4) the kinds of sentence and the sentencing range . . . ; (5) any pertinent policy statement . . . (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims

7

of the offense.

18 U.S.C. § 3553(a).

The district court must impose a sentence that is both procedurally and substantively reasonable. Gall v. United States, 552 U.S. __, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007). A sentence may be procedurally unreasonable if the district court improperly calculates the guidelines range, treats the Sentencing Guidelines as mandatory rather than advisory, fails to consider the appropriate statutory factors, selects a sentence based on clearly erroneous facts, or fails to explain adequately the chosen sentence. Id. "A sentence that is based entirely upon an impermissible factor is unreasonable because such a sentence does not achieve the purposes of § 3553(a)." United States v. Velasquez Velasquez, 524 F.3d 1248, 1252 (11th Cir. 2008) (internal quotation omitted).

After we have determined that the sentence is procedurally sound, we review the substantive reasonableness of a sentence. Gall, 128 S.Ct at 597. The review for substantive reasonableness involves examining the totality of the circumstances, including the extent of any variance and an inquiry into whether the statutory factors in § 3553(a) support the sentence in question. Id. In its consideration of the § 3553(a) factors, the district court does not need to discuss or state each factor explicitly. United States v. Scott, 426 F.3d 1324, 1329 (11th Cir.

2005). Instead, an acknowledgment by the district court that it has considered the defendant's arguments and the § 3553(a) factors will suffice. Id. at 1330. "The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court." United States v. Clay, 483 F.3d 739, 743 (11th Cir. 2007) (quotation omitted). The party challenging the sentence has the burden of establishing that the sentence is unreasonable in light of the record and the § 3553(a) factors. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

Chapter 7 of the sentencing guidelines governs supervised release, and it creates three kinds of violations. U.S.S.G. § 7B1.1. As relevant here, a Grade C violation results when a defendant violates a condition of supervised release. § 7B1.1(a)(3)(B). If, as in this case, the district court revokes supervised release following a Grade C violation and the defendant had a criminal history category of II, then the guideline range is four to ten months' imprisonment. § 7B1.4(a). Because Machado-Gonzalez's underlying contempt conviction was deemed a Class A felony,[2] and he cannot challenge that classification in this appeal, the statutory maximum penalty for his supervised release violation was 60 months' imprisonment. 18 U.S.C. § 3583(e)(3).

---

[2] Whether criminal contempt is a Class A felony is an open question in this court. See United States v. Love, 449 F.3d 1154 (11th Cir. 2006) (declining to address whether supervised release was permitted for criminal contempt under § 401(3)).

9

Upon review, we conclude that the district court committed no procedural error in the sentencing because it (1) correctly calculated the guideline range; (2) considered the § 3553(a) factors; and (3) treated the guidelines as advisory. Moreover, there is no evidence in the record to support Machado-Gonzalez's argument that the district court relied on the government's failure to charge him for his altercation with the Coast Guard to impose a sentence at the high end of the range.

Machado-Gonzalez also has not established that his sentence was substantively unreasonable because the district court permissibly focused on respect for the law and deterrence, both factors under § 3553(a), and it was not required to expressly discuss each of the § 3553(a) factors.

For the foregoing reasons, we AFFIRM Machado-Gonzalez's sentence.

**AFFIRMED.**