[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-15220
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 28, 2010
JOHN LEY
CLERK

D. C. Docket No. 07-00157-CR-CAP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICHARD T. ROBERTS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(May 28, 2010)

Before BLACK, HULL and ANDERSON, Circuit Judges.

PER CURIAM:

Richard Roberts appeals the district court's revocation of his probation. Roberts raises two issues on appeal, which we address in turn.

## I.

Roberts first asserts the district court erred by finding that he violated the conditions of his probation. A violation of a condition of probation must be proven by a preponderance of the evidence. *Johnson v. United States*, 120 S. Ct. 1795, 1800 (2000). We generally review a district court's revocation of probation for an abuse of discretion. *United States v. Mitsven*, 452 F.3d 1264, 1266 (11th Cir. 2006).

In revocation proceedings for failure to pay restitution, the court must find that the defendant's failure to pay was willful. *See Bearden v. Georgia*, 103 S. Ct. 2064, 2070 (1983). A defendant's "failure to make sufficient bona fide efforts to seek employment . . . may reflect an insufficient concern for paying the debt he owes to society for his crime. In such a situation, the State is likewise justified in revoking probation and using imprisonment as an appropriate penalty for the offense." *Id.*

The district court did not abuse its discretion by finding by a preponderance of the evidence that Roberts violated his probation. The Government presented sufficient evidence for the court to determine that Roberts failed to report and meet

2

with his probation supervisor, failed to file two monthly reports, and did not provide proper documentation of his job search efforts. In light of Roberts' insufficient efforts to obtain employment, the Government also presented sufficient evidence for the court to determine that Roberts violated his probation by willfully failing to make his monthly restitution payments.

## II.

Roberts next contends the district court erred by providing inadequate findings of fact and reasoning to support its decision to revoke Roberts' probation. The district court must provide "a written statement . . . as to the evidence relied on and reasons for revoking parole." *See United States v. Copeland*, 20 F.3d 412, 414 (11th Cir. 1994) (quotation omitted). A district court may satisfy this requirement with an oral statement that is recorded and transcribed "when those findings create a record sufficiently complete to advise the parties and the reviewing court of the reasons for the revocation of supervised release and the evidence the decision maker relied upon." *Id.*

Although the district court's reasoning was brief, it adequately set forth the reasons for revoking Roberts' probation. The Government presented extensive testimony to show that, among other violations, Roberts had violated his probation by failing to verify his job search efforts and otherwise failing to report as directed

3

and required.  The district court stated that Roberts would not  "report as directed and [would not] work" and determined that Roberts had violated the terms of his probation.  Accordingly, we affirm.

**AFFIRMED.**