[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-12759
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 14, 2012
JOHN LEY
CLERK

D.C. Docket No. 8:10-cr-00089-EAK-EAJ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID HENRY WYSOCKI, II,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(February 14, 2012)

Before TJOFLAT, BARKETT and ANDERSON, Circuit Judges.

PER CURIAM:

David Henry Wysocki, II, pled guilty to assaulting his wife onboard an aircraft in violation of 49 U.S.C. § 46506 and 18 U.S.C. 113(a)(4), a misdemeanor and petty offense, and the district court, on October 18, 2010, sentenced him to jail for a period of six months and a 12-months' term of supervised release. Wysocki appealed his conviction and sentence but dismissed the appeal before it could be heard.

Two days after beginning his term of supervised release, Wysocki was arrested for battering his wife and stepson. This led to his arrest for violating the terms of his supervised release. Prior to the hearing on whether his supervised release should be revoked, Wysocki moved the district court to set aside the order of supervised release and dismiss the violation. The term of the release was unlawful because the plain meaning of the sentencing statute prohibits the imposition of supervised release for the conviction of a petty offense.

The Government responded with the argument that Wysocki invited the error by asking the court to place him on supervised release following his release from jail. Aside from that, the Government said, he could attack the term of supervised only in a motion to vacate sentence filed pursuant to 28 U.S.C. § 2255. The court denied Wysocki's motion to set aside the supervised release and reaffirmed his sentence. Absent a successful § 2255 proceeding, the court held,

2

the sentence would stand.

The court then held an evidentiary hearing on Wysocki's violation of the conditions of his supervised release, found the violation as alleged, and sentenced Wysocki to 90 days in custody to be followed by six months in the residential re-entry program and three months of supervised release. Wysocki now appeals the court's judgment.

A district court's revocation of supervised release is generally reviewed only for abuse of discretion. *United States v. Velasquez Velasquez*, 524 F.3d 1248, 1252 (11th Cir. 2008). Issues of law are reviewed *de novo*. *United States v. Mitsven*, 423 F.3d 1264, 1265 (11th Cir. 2006). Further, we review *de novo* whether the district court properly exercised jurisdiction over a claim. *United States v. Diaz-Clark*, 292 F.3d 1310, 1315 (11th Cir. 2002). However, we will not review on appeal any issue not raised in the parties' initial briefs, finding such issues to be abandoned. *United States v. Day*, 405 F.3d 1293, 1294 n.1 (11th Cir. 2005)

Finally, we will not review an issue raised on appeal "if it has been *waived* through the doctrine of invited error." *United States v. Brannan*, 562 F.3d 1300, 1306 (11th Cir. 2009) (emphasis in original). The doctrine of invited error applies when a party induces or invites the district court into making an error. *United*

*States v. Love*, 449 F.3d 1154, 1157 (11th Cir. 2006).  Applying this doctrine, we declined to review the district court's imposition of a supervised release term where the defendant, prior to sentencing, repeatedly acknowledged that he was subject to a term of supervised release and requested that he be sentenced, in lieu of jail time, to time served and a term of supervised release.  *Id.*

A district court, under 18 U.S.C. § 3582(c), has jurisdiction to modify an imposed term of imprisonment only under specific circumstances.  *Diaz-Clark*, 292 F.3d at 1315-16.  For example, a federal prisoner in custody and seeking relief from his conviction or confinement may file, pursuant to 28 U.S.C. § 2255, a motion to vacate or modify in the district court.  *Sawyer v. Holder*, 326 F.3d 1363, 1365 (11th Cir. 2003).  A defendant serving a term of supervised release is "in custody" for purposes of Section 2255.  *United States v. Brown*, 117 F.3d 471, 475 (11th Cir. 1997).  Therefore, a defendant, facing re-incarceration upon the revocation of supervised release, may not sidestep § 2255 and challenge the validity of his original sentence during the revocation proceedings.  *United States v. Almand*, 992 F.2d 316, 317 (11th Cir. 1993); *see also United States v. White*, 416 F.3d 1313, 1316 (11th Cir. 2005) (holding that a prisoner may not challenge, "for the first time on appeal from the revocation of supervised release," his underlying sentence and instead must bring a Section 2255 motion to vacate).

The assault onboard an aircraft was a Class B misdemeanor, as it carried a statutory maximum sentence of six months. 49 U.S.C. § 46506 (here incorporating 18 U.S.C. § 113(a)(4)); 18 U.S.C. § 3581(b)(7). Furthermore, a Class B misdemeanor is considered a petty offense. 18 U.S.C. § 19.

Pursuant to 18 U.S.C. § 3583(a), a sentencing court must impose a term of supervised release if the defendant has been convicted "for the first time of a domestic violence crime," including a misdemeanor offense. 18 U.S.C. § 3583(a). A "domestic violence crime" includes any violent crime for which the defendant may be prosecuted federally that is committed against the spouse or other relative of the perpetrator. 18 U.S.C. § 3561(b). Section 3583 goes on, however, to prohibit courts, "[e]xcept as otherwise provided," from imposing a term of supervised release for a conviction of a petty offense. 18 U.S.C. § 3583(b)(3).

Here, Wysocki does not attack the district court's denial of his motion to vacate and dismiss, nor does he explicitly argue on appeal that the court had jurisdiction to correct or modify his original sentence. He has thus abandoned this issue.

Even assuming that Wysocki did not abandon this issue, the district court did not err in refusing to consider Wysocki's challenge to his underlying sentence. Since Wysocki was challenging the facial validity of his underlying term of

supervised release, the district court did not have subject matter jurisdiction to consider the merits of his arguments, and Wysocki must instead file a § 2255 motion to vacate or correct his sentence.

AFFIRMED.