[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-10426
Non-Argument Calendar
_____

D.C. Docket No. 4:10-cr-10003-JEM-2

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

SANDRA SUAREZ,
a.k.a. CHULI,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 25, 2013)

Before CARNES, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Sandra Suarez appeals her sentence, imposed upon revocation of probation, of 10 months' imprisonment and 2 years' supervised release, arguing that (1) the district court should have reduced her guideline level to account for acceptance of responsibility, (2) her sentence was procedurally unreasonable, and (3) her 10-month sentence is unreasonably long. We find no merit to these arguments and affirm.

We begin with Suarez's claim that the district court erred in not affording her a guideline reduction for acceptance of responsibility. We review the district court's decision whether to adjust for acceptance of responsibility for clear error, and "[a] district court's determination that a defendant is not entitled to acceptance of responsibility will not be set aside unless the facts in the record clearly establish that a defendant has accepted personal responsibility." *United States v. Amedeo*, 370 F.3d 1305, 1320–21 (11th Cir. 2004) (internal quotation marks omitted).

We discern no error, clear or otherwise, in the district court's refusal to grant Suarez a guideline reduction for acceptance of responsibility. Chapter 7 of the United States Sentencing Guidelines governs sentences imposed upon revocation of probation or supervised release. The guidelines clearly provide that the only factors to be considered in determining the applicable guideline range in a revocation case are the grade of violation and the criminal history category of the offender, as calculated at the time of sentencing. U.S.S.G. § 7B1.4(a). Because

2

the offender's potential acceptance of responsibility is not a valid consideration in determining the guideline range upon revocation of probation, the district court did not err in refusing to grant Suarez a guideline reduction for her purported acceptance of responsibility.

We next consider Suarez's argument that her sentence is unreasonable. Our reasonableness inquiry includes two distinct elements: we first determine whether a sentence is procedurally reasonable, and then turn our attention to whether the sentence is, on the whole, substantively reasonable. *See United States v. Gonzalez*, 550 F.3d 1319, 1323 (11th Cir. 2008) (per curiam). We review the reasonableness of the sentence imposed by the district court "under [the] deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41, 128 S. Ct. 586, 591 (2007); *see United States v. Mitsven*, 452 F.3d 1264, 1266 n.1 (11th Cir. 2006) (noting that the analysis for revocation of probation is "essentially the same" as that for supervised release); *United States v. Sweeting*, 437 F.3d 1105, 1106–07 (11th Cir. 2006) (per curiam) (explaining that sentences upon revocation of supervised release are reviewed for abuse of discretion).

In reviewing the reasonableness of a sentence, we consider the factors enumerated in 18 U.S.C. § 3553(a). *United States v. Pugh*, 515 F.3d 1179, 1188–89 (11th Cir. 2008); *see* 18 U.S.C. § 3565(a) (providing that district court must consider the § 3553(a) sentencing factors when sentencing a defendant upon

3

revocation of probation).  These factors include: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (4) the need to deter criminal conduct; (5) the need to protect the public from further crimes of the defendant; (6) the need to provide the defendant with educational or vocational training or medical care; (7) the kinds of sentences available; (8) the guideline range; (9) policy statements of the United States Sentencing Commission; (10) the need to avoid unintended sentencing disparities; and (11) the need to provide restitution to victims.  *See* 18 U.S.C. § 3553(a).  The party challenging a sentence "bears the burden of establishing that the sentence is unreasonable in the light of both th[e] record and the factors in [§] 3553(a)."  *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005) (per curiam).

To be procedurally reasonable, the district court must properly calculate the guideline range, treat the guidelines as advisory rather than mandatory, consider all of the § 3553(a) factors, and adequately explain the sentence imposed.  *See United States v. Chavez*, 584 F.3d 1354, 1364 n.13 (11th Cir. 2009).  In explaining the sentence, the district court should set forth enough information to satisfy the reviewing court of the fact that it has considered the parties' arguments and has a reasoned basis for making its decision, *Rita v. United States*, 551 U.S. 338, 356,

127 S. Ct. 2456, 2468 (2007), but "nothing . . . requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." *United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005). Instead, the district court's explanation suffices if it is clear from the explanation that the court considered a number of the relevant sentencing factors. *See United States v. Dorman*, 488 F.3d 936, 944 (11th Cir. 2007).

We find no procedural infirmity in Suarez's sentencing. Although the district court never explicitly stated that it was applying the § 3553(a) factors in sentencing Suarez, it did state that it was imposing a sentence pursuant to the Sentencing Reform Act of 1984, of which § 3553(a) is a part. *See* Act of Oct. 12, 1984, Pub. L. No. 98-473, § 212, 98 Stat. 1837. More importantly, the record reveals that the district court did in fact weigh several of the § 3553(a) factors in sentencing Suarez, including: (1) her personal characteristics and history, including her repeated failures to take advantage of favorable sentences; (2) the guideline range; (3) the nature of her probation violation, which included an arrest for grand larceny, credit card fraud, forgery, and passing of counterfeit checks; and (4) the fact that Suarez had tested positive for cocaine while on probation and had been arrested on multiple occasions during the pendency of her probationary term. This explanation satisfies us that the district court considered the parties' arguments and exercised its reasoned judgment in imposing Suarez's ten-month sentence. *See*

*Rita*, 551 U.S. at 356, 127 S. Ct. at 2468. The sentence was therefore procedurally reasonable.

Once we determine that a sentence is procedurally sound, we then examine whether the sentence is substantively reasonable in light of the totality of the circumstances, including the degree of any variance from the guideline range. *Gall*, 552 U.S. at 51, 128 S. Ct. at 597. In determining whether a sentence is substantively reasonable, we engage in a "deferential" assessment of whether the sentence imposed is sufficient, but not greater than necessary, to comply with the purposes of sentencing set forth in § 3553(a)(2). *Talley*, 431 F.3d at 788. "In our evaluation of a sentence for reasonableness, we recognize that there is a range of reasonable sentences from which the district court may choose, and when the district court imposes a sentence within the advisory [g]uidelines range, we ordinarily will expect that choice to be a reasonable one." *Id.* Thus, we will vacate and remand for a new sentencing "if, but only if, we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (internal quotation marks omitted).

Turning to the facts at hand, Suarez's ten-month sentence was within her unchallenged guideline range, so we expect it to be substantively reasonable.

6

*United States v. Joseph*, 709 F.3d 1082, 1105 (11th Cir. 2013) ("Although we have not adopted a presumption that a sentence within the guideline range is reasonable, we have stated that ordinarily we would expect a sentence within the [g]uidelines range to be reasonable." (internal quotation marks omitted)).  Suarez argues that the district court imposed a substantively unreasonable sentence because it did not give her proper credit for accepting responsibility for her probation violations.  We disagree.  In sentencing Suarez, the district court confronted an offender who had repeatedly violated her probation by committing theft, failing to abstain from the use of illegal drugs, and failing to abide by the terms of the restitution payment schedule from her original offense.  In light of these facts, we think the district court's decision to impose a ten-month custodial sentence was not only reasonable, but eminently so.  Because the district court's original non-custodial sentence apparently failed to achieve the purposes of sentencing (Suarez did, after all, continue to violate the law), it stands to reason that a term of incarceration might better achieve the desired effect.  Needless to say, we are not left with "the definite and firm conviction" that the district court committed a clear error in judgment and arrived at a sentence lying outside the range of reasonable sentences dictated by the facts of this case.  *Irey*, 612 F.3d at 1190.

　　**AFFIRMED.**