[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-13200
Non-Argument Calendar

_____

D.C. Docket No. 1:12-cr-00202-WSD-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WAYNE HENRY BURCHFIELD,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Northern District of Georgia

_____

(January 13, 2016)



Before HULL, MARCUS and BLACK, Circuit Judges.

PER CURIAM:

Wayne Henry Burchfield appeals his 10-month sentence, imposed by the district court after his supervised release was revoked. Burchfield contends the district court abused its discretion in revoking his supervised release because incarcerating him is not rehabilitative, the factors under 18 U.S.C. § 3583(e) militate strongly against revocation, and his infractions do not warrant incarceration in light of his history and mitigating circumstances. Burchfield also asserts the sentence imposed by the district court was excessive in light of the 18 U.S.C. § 3553(a) factors applicable upon revocation of supervised release. After review,[1] we affirm.

## I. DISCUSSION

*A. Revocation*

Under 18 U.S.C. § 3583(e)(3), a district court may revoke a term of supervised release based upon a preponderance of the evidence showing that a defendant has violated a condition of supervised release, and impose a term of imprisonment after considering certain factors set forth in 18 U.S.C. § 3553(a). *United States v. Sweeting*, 437 F.3d 1105, 1107 (11th Cir. 2006). Revocation of supervised release is mandatory, however, if the district court finds that the

---

[1] We review a district court's revocation of supervised release for an abuse of discretion. *United States v. Mitsven*, 452 F.3d 1264, 1266 (11th Cir. 2006). We review a sentence imposed upon the revocation of supervised release for reasonableness. *United States v. Sweeting*, 437 F.3d 1105, 1106-07 (11th Cir. 2006).

defendant violated a condition of his supervised release by testing positive for drugs more than three times over the course of one year.  18 U.S.C. § 3583(g)(4).

The district court did not abuse its discretion in revoking Burchfield's supervised release because revocation was mandatory under § 3583(g)(4). Burchfield admitted, and the district court found, that he violated his supervised release by testing positive for drugs four times in less than one year.  Although the district court concluded that revocation was discretionary, we may affirm on any ground supported by the record.  *See Big Top Koolers, Inc. v. Circus-Man Snacks, Inc.,* 528 F.3d 839, 844 (11th Cir. 2008).

*B.  Sentence*

The party challenging the sentence bears the burden to show the sentence is unreasonable in light of the record and the § 3553(a) factors.  *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).  The weight to be given any particular factor under § 3553(a) is left to the sound discretion of the district court, absent a clear error of judgment.  *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc).  We reverse only if "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case."  *Id.* (quotations omitted).  Although we do not automatically presume a sentence falling within the guideline range to be

3

reasonable, we ordinarily expect such a sentence to be reasonable. *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008).

Burchfield's within-guidelines, 10-month sentence does not represent an abuse of discretion in light of the facts and the applicable § 3553(a) factors. The record shows a history of second chances since Burchfield's initial release from his long incarceration, and a parallel history of violations, some of which are criminal in nature. Burchfield has left town at least twice against the terms of his release; has used drugs on numerous occasions, failed drug tests or failed to submit to them; has violated the policies of the drug treatment facilities in which he was placed; has threatened to force police to kill him; has failed to notify his probation officer of a speeding ticket; and has failed to make required payments toward his attorney fees. He has been placed in at least two treatment programs by the courts, and his supervised release already was revoked once before. The nature and circumstances of the instant violations—drug use, leaving town without permission, violating treatment program policy—and the breach of trust implicit in them; Burchfield's own history and characteristics; the need for deterrence; the need to protect the public; and the Guidelines all support the reasonableness of the district court's sentence despite the mitigating factors Burchfield introduced of his mental issues, his need for medication and stability, and the problems he has faced with his family.

4

## II.  CONCLUSION

The district court did not abuse its discretion in revoking Burchfield's supervised release.  Additionally, Burchfield's 10-month sentence is not unreasonable.

**AFFIRMED.**