[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 21-11577
Non-Argument Calendar

_____

D.C. Docket No. 1:19-cr-00194-JB-B-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FREDRICK TYRONE EIRBY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(September 9, 2021)

Before LAGOA, BRASHER, and EDMONDSON, Circuit Judges.


PER CURIAM:


Fredrick Eirby appeals the revocation of his probation.[1]  On appeal, Eirby (1) alleges that the revocation was "fundamentally unfair" and a violation of due process and (2) challenges the sufficiency of the evidence supporting the district court's determination that he committed a new criminal offense.  No reversible error has been shown; we affirm.


I.     Background


In March 2020, Eirby pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  Eirby's sentencing guidelines range was calculated as 18 to 24 months' imprisonment.  In the light of Eirby's serious medical issues[2] and the COVID-19 pandemic, the sentencing court imposed a

---

[1] Eirby raises no challenge to the length of the sentence imposed upon revocation of his probation.

[2] The record demonstrates that Eirby suffers from several serious chronic health conditions, requires a special diet, and takes routinely at least 15 prescription medications.

2

below-guidelines sentence of 5 years' probation.  Among other conditions of his probation, Eirby was (1) prohibited from committing another federal, state, or local crime, (2) prohibited from possessing or using unlawfully a controlled substance, (3) required to participate in a location-monitoring program, and (4) required to submit to periodic drug testing.

In October 2020, Eirby's probation officer petitioned for revocation of Eirby's probation based on Eirby's arrest on 1 October 2020 for unlawful possession of marijuana.  Eirby's probation officer later amended the revocation petition to also include Eirby's positive drug test for marijuana and cocaine on 14 December 2020.

At a hearing on 5 January 2021, the district court held in abeyance the petition for revocation.  The district court modified the conditions of Eirby's probation to increase the level of supervision for a six-month period.  The district court ordered Eirby to be on home confinement until he could be placed into a Residential Re-Entry Center ("RRC").  The district court directed that -- if Eirby committed no new probation violations for six months -- the court would dismiss the revocation petition.  Eirby later reported to the RRC on 4 February 2021.

On 12 April 2021, the district court held a status hearing to discuss ongoing issues Eirby had been having at the RRC.  The next day, Eirby was discharged

3

from the RRC based in part on a verbal altercation Eirby had had with an RRC staff member on 11 April.

The probation officer then filed a second amended petition to revoke Eirby's probation. In addition to the already-identified probation violations, the petition alleged these new violations: (1) while on home confinement in January 2021, Eirby left his residence without permission on three separate occasions; (2) on April 13, Eirby was discharged from the RRC; and (3) Eirby failed to follow his probation officer's instructions to comply with the location-monitoring program, to comply with the RRC rules, and to act in a respectful manner toward his probation officer and RRC staff.

The district court held a revocation hearing on 27 April 2021. After considering the parties' arguments and witness testimony, the district court found and concluded that Eirby violated the terms and conditions of his probation. As a result, the district court revoked Eirby's probation and sentenced him to 12 months and 1 day of imprisonment.

II.    Discussion

We review the district court's revocation of probation for abuse of discretion. See United States v. Mitsven, 452 F.3d 1264, 1266 (11th Cir. 2006). We review the district court's findings of fact for clear error. United States v. Almand, 992 F.2d 316, 318 (11th Cir. 1993). A violation of a condition of probation must be proved by a preponderance of the evidence. See United States v. Cunningham, 607 F.3d 1264, 1266 (11th Cir. 2010) (discussing revocation of supervised release under 18 U.S.C. § 3583(e)); Almand, 992 F.2d at 318 n.5 (noting that the analysis of revocation of probation under 18 U.S.C. § 3565(a), and the revocation of supervised release under 18 U.S.C. § 3583(g), are "essentially the same").

Eirby first contends that the district court abused its discretion by revoking his probation based on conduct that occurred before the 12 April status hearing. According to Eirby -- because he followed the district court's instructions and engaged in no new misconduct after the 12 April hearing -- the revocation of his probation was "fundamentally unfair" and a violation of due process.[3]

---

[3] The government contends that Eirby's due-process argument should be reviewed only for plain error because Eirby failed to raise adequately that argument in the district court. Because Eirby has demonstrated no error -- plain or otherwise -- we need not decide whether Eirby preserved adequately his due-process argument.

5

The district court has discretion to revoke a term of probation and to resentence a defendant "[i]f the defendant violates a condition of probation <u>at any time prior to the expiration or termination of the term of probation</u>."  18 U.S.C. § 3565 (emphasis added).

"Defendants involved in revocation proceedings are entitled to certain minimal due process requirements."  <u>United States v. Frazier</u>, 26 F.3d 110, 114 (11th Cir. 1994).  Among these minimal requirements, the defendant is entitled to (1) written notice of the alleged violation; (2) disclosure of the evidence against him; (3) an opportunity to appear, present evidence, and question adverse witnesses; (4) notice of the right to counsel; and (5) an opportunity to make a statement and present mitigating evidence.  <u>See</u> Fed. R. Crim. P. 32.1(b)(2).

As an initial matter, to the extent Eirby contends that the district court "re-imposed" the earlier RRC condition at the 12 April hearing, that assertion is unsupported by the record.  The 12 April status hearing (which the district court also characterized as a "revocation prevention hearing") was held for the purpose of informing the district court about the ongoing conflicts Eirby had been having at the RRC.  At the close of the hearing, the district court advised Eirby that -- to avoid a custodial sentence with the Bureau of Prisons -- Eirby needed to cooperate with the RRC staff without causing conflict.  Never did the district court "re-

6

impose" a probation modification or otherwise assign Eirby anew to the RRC.  Nor did the district court adjudicate the earlier-alleged probation violations.

We reject Eirby's contention that he was given inadequate warning -- in violation of due process -- that misconduct that pre-dated the 12 April hearing could lead to the revocation of his probation.  The record demonstrates that Eirby had clear notice about the conditions of his probation and that violation of those conditions could result in revocation of his probation.  Eirby knew that his probation officer had petitioned for revocation of Eirby's probation based on Eirby's October 2020 arrest for unlawful possession of marijuana and on Eirby's December 2020 positive drug test.  Eirby also knew that -- in January 2021 -- the district court held in abeyance the revocation petition on the condition that Eirby commit no new probation violations for six months.

Despite the district court's lenience and ample notice of the consequences of Eirby's continued noncompliance, Eirby again violated the conditions of his probation by leaving his home three times without permission in January 2021 and by engaging in conduct that ultimately resulted in his being discharged from the RRC in April 2021.  On this record, Eirby has demonstrated no "fundamental unfairness" or violation of his due process rights.

7

Eirby next contends that the government failed to prove by a preponderance of the evidence that Eirby committed a new criminal offense. Because Eirby challenges only his new-offense violation and raises no challenge to the remaining violations underlying the revocation of his probation, he cannot show that the district court abused its discretion in revoking his probation. See United States v. Vandergrift, 754 F.3d 1303, 1307 (11th Cir. 2014) (concluding the district court abused no discretion in revoking a defendant's supervised release -- "where the district court's decision to revoke a defendant's supervised release is supported adequately by one alleged violation, a possible error in consideration of other allegations is harmless.").

Moreover, we see no clear error in the district court's finding that Eirby unlawfully possessed marijuana. Under Alabama law, a person commits unlawful possession of marijuana in the first degree if he possesses marijuana for his personal use after having been convicted previously of unlawful possession of marijuana in the second degree. Ala. Code § 13A-12-213. That Eirby had three prior convictions for second-degree possession of marijuana is undisputed.

At the 27 April revocation hearing, Officer Taylor testified that he conducted a traffic stop on a car owned and driven by Eirby in which Eirby's adult son was riding as a passenger. After Eirby consented to a search of the car, Officer

8

Taylor found a box under the driver's seat that contained marijuana. The marijuana was found near receipts with Eirby's name on them. This evidence was sufficient to allow the district court to find, by a preponderance of the evidence, that Eirby possessed constructively the marijuana found in the car.

In the light of evidence of Eirby's involvement in a new drug offense and Eirby's other unchallenged probation violations, the district court abused no discretion in revoking Eirby's probation.

AFFIRMED.