[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 23-11186

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ERNEST JENKINS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 2:20-cr-00273-LSC-JHE-1

_____

2                    Opinion of the Court                    23-11186

Before ROSENBAUM, GRANT, and LAGOA, Circuit Judges.

PER CURIAM:

Ernest Jenkins appeals his sentence of 33 months' imprisonment, an upward variance from the guideline range of 4 to 10 months, imposed following the revocation of his probation. Jenkins argues that the district court abused its discretion in imposing the sentence because it is greater than necessary to serve the relevant 18 U.S.C. § 3553(a) factors considering Jenkins's personal mitigating characteristics, including his health issues.

We generally review sentences imposed upon revocation of probation for an abuse of discretion. *See United States v. Mitsven*, 452 F.3d 1264, 1266 & n.1 (11th Cir. 2006) (noting that this is the standard of review for a sentence imposed upon revocation of supervised release, which we treat "essentially the same" as a sentence imposed upon probation revocation). An appellant generally preserves a substantive reasonableness challenge for appeal by advocating for a lesser sentence than what the district court imposed, which is sufficient to bring to the district court's attention his view that a longer sentence is greater than necessary. *Holguin-Hernandez v. United States*, 140 S. Ct. 762, 766-67 (2020). The party who challenges the sentence bears the burden of showing that it is unreasonable in light of the totality of the circumstances and the § 3553(a) factors. *United States v. Trailer*, 827 F.3d 933, 936 (11th Cir. 2016).

If a defendant violates a condition of probation, the district court may, after a hearing and consideration of the § 3553(a) factors to the extent that they are applicable, continue the defendant on probation or revoke probation and resentence him. 18 U.S.C. § 3565. The "overarching" instruction to sentencing courts in 18 U.S.C. § 3553 is that any sentence, whether within the guideline range or through a variance, must be sufficient but not greater than necessary to comply with the purposes listed in § 3553(a)(2). *Kimbrough v. United States*, 552 U.S. 85, 101 (2007); 18 U.S.C. § 3553(a); *see Gall v. United States*, 552 U.S. 38, 51 (2007) (stating that whether a sentence falls inside or outside the guideline range, the district court must consider the § 3553(a) factors). The proper factors as set out in § 3553(a) include the nature and circumstances of the offense, the personal history and characteristics of the defendant, the seriousness of the crime, the promotion of respect for the law, just punishment, adequate deterrence, and protection of the public from further crimes of the defendant. 18 U.S.C. § 3553(a)(1)-(2). The court must also consider the applicable guideline range, any pertinent policy statements from the Sentencing Commission, the need to avoid unwarranted sentencing disparities between similarly situated defendants, and the need to provide restitution to any of the defendant's victims. *Id*. § 3553(a)(1), (3)-(7).

A court imposes a substantively unreasonable sentence only when it (1) fails to consider relevant factors that were due significant weight, (2) gives an improper or irrelevant factor significant weight, or (3) commits a clear error of judgment by balancing the proper factors unreasonably. *United States v. Rosales-Bruno*, 789 F.3d

1249, 1256 (11th Cir. 2015). A district court must evaluate all the § 3553(a) factors, but the weight accorded to each factor is within the sound discretion of the district court. *United States v. Ramirez-Gonzalez*, 755 F.3d 1267, 1272-73 (11th Cir. 2014). Under the abuse-of-discretion standard, even as to a substantial variance, we will not reverse a sentence unless we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Johnson*, 803 F.3d 610, 618-19 (11th Cir. 2015) (quotation marks omitted).

The Supreme Court has specifically rejected the idea that an extraordinary justification is required for a sentence outside the guideline range. *Gall*, 552 U.S. at 47. But "a major variance does require a more significant justification than a minor one—the requirement is that the justification be sufficiently compelling to support the degree of the variance." *United States v. Irey*, 612 F.3d 1160, 1196 (11th Cir. 2010) (*en banc*) (quotation marks omitted).

The Sentencing Guidelines provide that a sentence imposed upon revocation of probation should sanction primarily the defendant's "breach of trust" for failing to abide by the conditions of the court ordered supervision, while also accounting for, "to a limited degree, the seriousness of the underlying violation and the criminal history of the violator." U.S.S.G. Ch. 7, Pt. A, intro. comment. 3(b). We, however, have "consistently held that the policy

statements of Chapter 7 are merely advisory and not binding." *United States v. Silva*, 443 F.3d 795, 799 (11th Cir. 2006).

Here, we conclude that the district court did not abuse its discretion in varying upward to a 33-month sentence because it was within its discretion to give greater weight to the nature and circumstances of Jenkins's violations, including his claim that he was not complying with his electronic monitoring requirements because he had to supervise his minor son and that this claim was discovered to be false. Additionally, it was within the district court's discretion to determine that the upward sentence was necessary to sanction Jenkins's breach of the court's trust.  *See* U.S.S.G. Ch. 7, Pt. A, intro. comment. 3(b); 18 U.S.C. § 3553(a)(1); *Ramirez-Gonzalez*, 755 F.3d at 1272-73.

Accordingly, we affirm the district court's sentence of 33 months' imprisonment.

**AFFIRMED.**