UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 92-8103
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

                    versus

KEITH ANTONIO SMITH,

                                        Defendant-Appellant.

_____

Appeal from the United States District Court
for the Western District of Texas
_____

(November 13, 1992)

Before GARWOOD, JONES, and EMILIO M. GARZA, Circuit Judges.

EDITH H. JONES, Circuit Judge:

        Appellant Smith pled guilty to one count of aiding and
abetting the distribution of crack cocaine.  21 U.S.C. § 841(a)(1);
18 U.S.C. § 2.  He was sentenced to an eighteen-month term of
imprisonment to be followed by a five-year term of supervised
release.  Having served his initial sentence, he now appeals from
the revocation of his supervised release term.  We hold that the
trial court did not err in finding that Smith was in possession of
a controlled substance, in violation of the conditions of his
supervised release, and was therefore required to serve in prison

not less than one-third of the supervised release term.  18 U.S.C. § 3583(g).

As one of the conditions of his supervised release, Smith was to refrain from the use of any controlled substances and was to submit himself for periodic urine drug tests as directed by his probation officer.  Shortly after beginning his period of supervised release, Smith submitted urine samples for analysis on January 3 and January 10, 1992, both of which yielded positive results for the presence of cocaine metabolite.  At the revocation hearing, the government's factual summary included a statement that Smith had admitted to his probation officer the use and possession of cocaine on two occasions.  First, Smith had placed some cocaine in a beer which he than drank; second, on another occasion, he and a friend smoked crack cocaine.  These events were corroborated by the above-mentioned positive urinalysis tests.  In acknowledging to the trial court his violation of the supervised relief terms, however, Smith stated only that he <u>used</u> the cocaine.

On appeal, Smith contends that as a matter of law, the "use" of controlled substances during supervised release is not equivalent to their "possession."  From his standpoint, such a distinction is important.  If Smith only used crack cocaine, the district court retained sentencing discretion on revocation of supervised release.  A finding of possession, however, triggers a mandatory minimum sentence of no less than one-third of the term of supervised release.  18 U.S.C. § 3583(g).

Even if it is possible to differentiate use from possession of a controlled substance, Smith did not do so on the

facts of this case.  Whether he possessed a controlled substance in violation of the conditions of his supervised release was a factual question committed to the trial court.  The district court, in finding that Smith possessed crack cocaine, did not rely solely on the two positive urinalyses, as Smith contends.  Rather, appellant Smith admitted that he used cocaine on two occasions since his release.  He admitted possession when he told the probation officer that someone gave cocaine to him and he placed it in his beer.  He further admitted that, on a different occasion, he smoked crack with another individual.  Smith did not allege or prove that the cocaine was administered against his will or by trick.  The district court's finding of possession is not clearly erroneous.

Our conclusion that admission of use of a contraband substance, as well as positive urinalysis test results, may constitute circumstantial evidence of possession of a controlled substance for purposes of section 3583(g) follows that of other circuit courts.  United States v. Blackston, 940 F.2d 877, 891 (3d Cir.), cert. denied, ____ U.S. ____, 112 S. Ct. 611, 116 L.Ed.2d 634 (1991) (extended discussion of § 3583(g)); United States v. Dillard, 910 F.2d 461, 464 n.3 (7th Cir. 1990); United States v. Baclaan, 948 F.2d 628, 630 (9th Cir. 1991); United States v. Ramos-Santiago, 925 F.2d 15, 17 (1st Cir.), cert. denied, _____ U.S. _____, 112 S. Ct. 129, 116 L.Ed.2d 96 (1991); United States v. Alli, 929 F.2d 995, 996 (4th Cir. 1991); see, United States v. Kindred, 918 F.2d 485, 487 n.3 (5th Cir. 1990) ("Knowing use of drugs is akin to possession.").

For these reasons, the judgment of the district court is

AFFIRMED.