**UNITED STATES of America**

v.

**Bee Ray MIDDLETON, Jr. A/K/A Benny Ray Millerton.**

**Crim. A. No. 89–CR–127.**

United States District Court, E.D. Texas, Beaumont Division.

Dec. 28, 1992.

John M. Bales, Asst. U.S. Atty., Beaumont, TX, for plaintiff.

David Stephens, Lufkin, TX, for defendant.

## ORDER

COBB, District Judge.

In December of 1989, Middleton pled guilty to one count of unlawful distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1), a Class C felony. He was sentenced to forty-one months incarceration and thirty-six months supervised release. He served time in prison and began supervised release on July 2, 1992. The defendant is now before this court for a hearing to revoke supervised release upon petition of the Probation Office.

The Probation Office alleges that the defendant submitted urine samples which tested positive for cocaine on August 10 and 18, and failed to submit urine specimens as directed for the weeks of September 28 and October 5 and 12. Middleton pleads "true" to these allegations, but submits that doctor appointments pursuant to arthroscopic surgery to his right shoulder on August 28 prevented his reporting as directed on the three dates given.

Based on the results of the drug tests and the defendant's own admission, the court finds from a preponderance of the evidence that Middleton was in violation of Condition 8 of supervised release: "The defendant ... shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance ... except as prescribed by a physician."

If a defendant serving a term of supervised release is found in possession of a controlled substance, the court is required to revoke the release and incarcerate the defendant "to serve in prison not less than one-third of the term of supervised release," 18 U.S.C. § 3583(g), in this case, 12 months. *See, U.S. v. Smith,* 978 F.2d 181 (5th Cir. 1992) (evidence of drug use sufficient to support finding of "possession" of a controlled substance within meaning of the statute); *U.S. v. Kindred,* 918 F.2d 485, 487 n. 3 (5th Cir.1990) ("[k]nowing use of drugs is akin to possession"). If the offense for which the defendant was sentenced was a Class C felony, he may not be required to serve more than 24 months in prison upon revocation of supervised release. 18 U.S.C. § 3583(e)(3). As revocation extinguishes the entire term of supervised release, the court may not order the defendant to recommence the unserved term of supervised release after imprisonment. *U.S. v. Holmes,* 954 F.2d 270 (5th Cir.1992).

The Sentencing Guidelines recommend a sentence of 6–12 months. U.S.S.G. § 7B1.1(a) (policy statement). However, upon consideration of the Sentencing Commission's recommendation and of those factors set out in 18 U.S.C. § 3553(a), the Court finds that the minimum range of 12 months mandated by § 3583(g) and recommended by § 7B1.1(a) is inadequate in light of the defendant's conduct as it appears on the record before the Court. *See, U.S. v. Headrick,* 963 F.2d 777, 782 (5th Cir.1992) (district courts may reject policy statements in light of other relevant factors).

Middleton twice used cocaine soon after beginning supervised release, indicating an utter inability to deal with his drug problem and to obey the law while under supervised release. Coupled with the seriousness of the offense, the need for deterrence, and the defendant's flagrant breach of trust, the Court finds that the maximum term of imprisonment should be imposed.

Accordingly, the defendant's supervised release is revoked, and he is sentenced to a term of twenty-four months imprisonment, with credit to be given for the time he has served since he was taken into custody.