16 F.3d 418
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Joseph S. FOX, Defendant-Appellant.
 No. 93-1232.
 United States Court of Appeals, Tenth Circuit.
 Jan. 13, 1994.
 
 Before TACHA, BRORBY and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Fox appeals the revocation of his supervised release asserting something more than his own factual admissions are necessary to prove he violated the conditions of his supervised release. We disagree and affirm.
 
 
 3
 Mr. Fox was convicted of the crime of being a felon in possession of a firearm and was sentenced to five months incarceration, which he served, to be followed by five months of supervised release. One of the conditions of Mr. Fox's supervised release was that he was to possess no illegal drugs. On three separate occasions his drug tests showed positive for cocaine use. On these occasions Mr. Fox admitted he had used cocaine. Mr. Fox refused to submit to a fourth drug test. A warrant was issued charging violations of supervised release and a hearing was held.
 
 
 4
 At the supervised release revocation hearing, the government attempted to introduce the results of the laboratory tests that purported to show Mr. Fox's cocaine use. The district court sustained the objection based upon the Confrontation Clause and excluded this evidence as it was offered through the testimony of one of Mr. Fox's counselors rather than by one of the laboratory technicians. The district court did receive the counselor's testimony relating to Mr. Fox's admissions to them of the three incidents of cocaine use. The district court accepted this testimony, concluded Mr. Fox had possessed cocaine through his use of cocaine, revoked Mr. Fox's supervised release, and sentenced Mr. Fox to the mandatory term of twenty-four months of incarceration.
 
 
 5
 The only issue raised by Mr. Fox in this appeal is simple: Must there be admissible evidence in the form of laboratory results that establish drug use, and, therefore, possession? Mr. Fox cites United States v. Rockwell, 984 F.2d 1112 (10th Cir.), cert. denied, 113 S.Ct. 2945 (1993), as standing for the proposition that he urges.
 
 
 6
 Mr. Fox misreads Rockwell. Rockwell involved a case where defendant had used illegal drugs and argued use was not tantamount to possession. Id. at 114. Rockwell holds that a controlled substance in a person's body is "in the possession of that person" for the purposes of 18 U.S.C. 3583(g). Id. Rockwell does not hold that possession by use can only be proved at trial by the use of laboratory tests. In reaching this conclusion, the Rockwell court specifically relied upon United States v. Smith, 978 F.2d 181, 182 (5th Cir.1992), which noted that the admitted use of a contraband substance can be evidence of possession for purposes of 18 U.S.C. 3583(g).
 
 
 7
 Under the circumstances of this case, Mr. Fox's admissions are just as reliable as would be evidence in the form of laboratory results. Mr. Fox's admissions, given on three separate occasions, were not spontaneous utterances but, rather, were delivered after he was confronted with the positive results of his urine tests. Two witnesses testified as to Mr. Fox's admissions.
 
 
 8
 The standard of proof in a proceeding to revoke supervised release is a preponderance of the evidence. United States v. Blackston, 940 F.2d 877, 892 (3d Cir.), cert. denied, 112 S.Ct. 611 (1991). All that is necessary is that the district court find it more likely than not that Mr. Fox possessed illegal drugs.
 
 
 9
 We conclude Rockwell is dispositive of the issue herein raised and AFFIRM the decision of the district court.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. --- F.R.D. ----