UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

01-10623

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

FELIX HARPER,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Northern District of Texas, Fort Worth
4:93-CR-97-1

_____

March 15, 2002

Before HIGGINBOTHAM, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

After having been previously convicted of a firearms offense, for which Appellant Felix

Harper served a term of imprisonment and was serving a three-year term of supervised release, the

district court determined that it was constrained to revoke Harper's supervised release and then

imposed a term of imprisonment of twenty-four months. The sole issue on appeal is whether

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

Harper's violations of his conditions of supervised released mandated the revocation of his term of supervised release under 18 U.S.C. § 3583(g).

After a hearing, the district court made findings of fact that the following violations of conditions of supervised release had occurred: (1) Harper failed to submit urine specimens on December 20, 1999, August 25, 2000, December 3, 2000, and March 29, 2000; (2) Harper admitted to his probation officer that he used cocaine on November 4, 2000; (3) on April 19, 2000, Harper submitted a urine specimen that tested positive for cocaine metabolite; (4) Harper admitted to his probation officer that he used cocaine on March 18, 2001; (5) and Harper admitted to his probation officer on March 23, 2001, that he assisted an individual with the purchase of $1,000 worth of cocaine for which he was paid a $500 brokerage fee (Harper stated that he tasted the cocaine for the purchaser to ensure that the cocaine was of good quality). Harper admitted to all of the violations except for being involved in the cocaine sale; he claimed he had fabricated the story. The district court, however, specifically found that Harper had, in fact, assisted with the purchase of cocaine and received $500.

The district court found that Harper had violated Standard Condition of Release No. 7, which provided that "[t]he defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician." The district court also found that Harper had violated Standard Condition No. 9, which required him to not associate with anyone engaged in criminal activity.

Title 18 U.S.C. § 3583, the statute governing the inclusion of a term of supervised release after imprisonment, currently provides in subsection (g), in pertinent part, [i]f the defendant – (1)

2

possesses a controlled substance . . . or (3) refuses to comply with drug testing imposed as a condition of supervised release; the court *shall revoke* the term of supervised release and require the defendant to serve a term of imprisonment not to exceed the maximum term of supervised release authorized under subsection (e)(3)." (emphasis added).

In *United States v. Smith*, 978 F.2d 181, 182 (5th Cir. 1992), this Court concluded that positive urinalysis results and a defendant's admission of use of cocaine constituted circumstantial evidence of possession of a controlled substance, which mandated the revocation of supervised release under then § 3583(g). After *Smith* was decided, Congress amended the statute, and in subsection (d) provided that where the basis for the violation is a failed drug test, the district court shall consider the availability of substance abuse programs or whether an exception to the mandatory revocation requirements of § 3583(g) is warranted. *See* 18 U.S.C. § 3583(d). After the amendment, another circuit has held that subsection (d) provides a district court with the discretion not to revoke supervised release and instead pro vide for treatment in a situation where the offender has tested positive for drugs. *See United States v. Pierce*, 132 F.3d 1207, 1208 (8th Cir. 1997).

In the instant case, it is beyond dispute that the district court had the discretion to revoke Harper's supervised release for his multiple violations. Nonetheless, desiring to "test" the statute, the district court ruled that it was required to revoke Harper's supervised release.[1] Thus, the district court's determination of this question of law is subject to plenary review. *See United States v. Dupaquier*, 74 F.3d 615, 617 (5th Cir. 1996).

Harper argues that the exception to revocation contained in § 3583(d) was not in existence

---

[1] During the hearing, the court stated as follows: "We're going to put this statute to the test. I'm going to say I don't have any discretion in this case."

3

at the time of this Court's *Smith* decision and that, in accordance with the Eighth Circuit's holding in *Pierce*, this section provides the district court with discretion and flexibility in determining whether supervised release should be revoked or treatment provided instead. The case at bar, however, is not simply a matter of a failed drug test. Harper failed to submit urine specimens on four occasions. More significantly, Harper possessed and used cocaine on two occasions in addition to his three failed drug tests, and he assisted in the sale of cocaine in which he possessed a sample of the substance by tasting to test its quality and received a $500 finder's fee. The district court undoubtedly recognized the seriousness of Harper's violations when it disregarded the six to twelve month range of imprisonment contemplated by the policy statement (§ 7B1.4(a), p.s.) and instead sentenced Harper to twenty-four months, stating that "I don't think the top of that is sufficient to address the objectives of sentencing, bearing in mind the *serious and large number of violations of the conditions of supervised release* in this case." (emphasis added). As previously indicated, the exception to mandatory revocation of supervised release applies when the district court is "considering any action against a defendant who fails a drug test." *See* § 3583(d). The district court's uncontested factual findings with respect to Harper's conduct render him ineligible for the discretionary exception in § 3583(d).[2] The district court's conclusion that it was required to revoke Harper's supervised release was correct.

AFFIRMED.

---

[2] Harper also argues that someone who tests positive for drug use and falsely denies other drug use should not be in a worse position that someone who tests positive for drugs and honestly admits other drug use. In this case, however, Harper falsely denied, according to the district court, his conduct in brokering the drug deal.