# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-30216
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 13, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

HARVEY J. BROWN,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:08-CR-90

Before PRADO, OWEN, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Harvey J. Brown appeals the revocation of his supervised release and the imposition of a within-guidelines sentence. Brown argues that the district court committed a host of procedural errors and, additionally, that his sentence was substantively unreasonable. Because his general objection did not adequately preserve his arguments for appeal, review is for plain error only. *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Krout*,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

66 F.3d 1420, 1434 (5th Cir. 1995).  To show plain error, Brown must show that the error was clear or obvious and affects his substantial rights.  *See Puckett,* 556 U.S. at 135.  If he makes such a showing, we have the discretion to correct the error but only if it "'seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings.'"  *Id.* (alteration in original) (quoting *United States v. Olano,* 507 U.S. 725, 736 (1993)).

Despite repeatedly admitting to the use of cocaine, in addition to his positive drug screens, Brown nevertheless contends that the district court erroneously found that he had committed a Grade B violation.  Brown's admitted use of cocaine supports a finding that he possessed cocaine while under supervision for purposes of a revocation under 18 U.S.C. § 3583(g).  *United States v. Smith,* 978 F.2d 181, 182 (5th Cir. 1992).  Thus, because Brown possessed cocaine while under supervision, the district court had ample basis to conclude that he committed a Grade B violation.  *See* U.S.S.G. § 7B1.1(a)(2).  Because Brown committed a Grade B violation, it became the basis for determining the "grade of violation" for purposes of the revocation table.  §§ 7B1.1(b) and 7B1.4(a) (table).  Therefore, whether the district court was correct concerning the number of Grade C violations he committed was irrelevant, as they played no role in the determination of the guidelines range.

Brown's argument that the district court procedurally erred by failing to consider the relevant 18 U.S.C. § 3553(a) factors is not supported by the record.  The district court implicitly considered the relevant § 3553(a) factors when it stated that it had considered the Guidelines.  *See United States v. Gonzalez,* 250 F.3d 923, 930 (5th Cir. 2001).  Additionally, the statements of the district court reflected its consideration of Brown's history and characteristics and the circumstances of his violations of supervised release.  *See* § 3553(a)(1); *United States v. Kippers,* 685 F.3d 491, 499 (5th Cir. 2012).

No. 14-30216

Insofar as Brown contends that the district court erroneously used the § 3553(a)(2)(A) factors in imposing a sentence, because revocation of Brown's supervision was mandated under § 3583(g), consideration of those factors was not inappropriate. *See United States v. Giddings*, 37 F.3d 1091, 1095-97 (5th Cir. 1994). Brown's argument that the district court improperly considered his need for substance abuse treatment in violation of *Tapia v. United States*, 131 S. Ct. 2382, 2385 (2011), is not supported by the record, as the significant factors informing the imposition and length of his sentence did not include his need for drug rehabilitation.

Brown further contends that the district court procedurally erred by not adequately considering the alternatives to incarceration that he presented and by failing to explain why it rejected them. The district court's reasons for imposing a sentence, however, were legally sufficient. *See Rita v. United States*, 551 U.S. 338, 356 (2007); *United States v. Mondragon-Santiago*, 564 F.3d 357, 362 (5th Cir. 2009).

Finally, Brown argues that his within-guidelines sentence was substantively unreasonable because the district court did not consider a wide range of other conduct, including his compliance for the first two years of his supervised release. Brown's within-guidelines sentence, however, is presumptively substantively reasonable, and his argument that the district court should have given more consideration to his periods of good behavior amounts to nothing more than a disagreement with the district court over how the § 3553(a) factors should have been balanced, which is insufficient to overcome the presumption. *United States v. Alvarado*, 691 F.3d 592, 597 (5th Cir. 2012).

AFFIRMED.