**UNITED STATES of America, Plaintiff–Appellee**

v.

**Lance Janaro LANE, Defendant–Appellant.**

**No. 15–40801 Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Feb. 18, 2016.

Heather Harris Rattan, Esq., Assistant U.S. Attorney, U.S. Attorney's Office, Plano, TX, for Plaintiff–Appellee.

Denise S. Benson, Esq., Assistant Federal Public Defender, Federal Defender's Office, Sherman, TX, for Defendant–Appellant.

Before STEWART, Chief Judge, and DAVIS and GRAVES, Circuit Judges.

PER CURIAM: *

Lance Janaro Lane was convicted of conspiracy to manufacture, distribute, or dispense cocaine base, marijuana, or cocaine. Lane was initially sentenced to 117 months in prison to be followed by 5 years of supervised release. Pursuant to 18 U.S.C. § 3582(c)(2), Lane's prison sentence was reduced to 86 months. On December 15, 2014, the United States Probation Office filed a petition to revoke Lane's supervised release alleging that Lane violated the terms of his supervised release in five ways, including the possession or use of controlled substances. The Probation Office alleged that Lane admitted to using marijuana daily and to using phencyclidine (PCP). Following a hearing, the district court found that Lane had admitted using PCP and that such usage constituted possession of PCP, a Grade B violation of Lane's release. The district court sentenced Lane to 21 months in prison.

On appeal, Lane does not challenge the revocation of his supervised release. Lane argues that the district court procedurally erred in sentencing him based on a Grade B violation because there was insufficient evidence to prove that he committed a felony under Texas law by possessing PCP. *See United States v. McCormick*, 54 F.3d 214, 219 (5th Cir.1995). In *United States v. Smith*, 978 F.2d 181, 182 (5th Cir.1992), the court held that "admission of use of a contraband substance, as well as positive urinalysis test results, may constitute circumstantial evidence of possession of a controlled substance for purposes of section 3583(g)." Lane reads *Smith* to require a positive urinalysis to prove possession of a controlled substance by use of the substance. *Smith* contains no such mandate. In *United States v. Hinson*, 429 F.3d 114, 119 (5th Cir.2005), we stated that the defendant had admitted to the use and possession of drugs and held that "revocation would have been justified based on that admission alone." Accordingly, Lane has not shown that the district court erred in concluding that it was more likely than not that he possessed PCP, a Grade B violation, based on his admission that he used PCP while on supervised release. *See Hinson*, 429 F.3d at 118–19; *United States v. Alaniz–Alaniz*, 38 F.3d 788, 792 (5th Cir.1994).

As the district court did not err in finding a Grade B violation, Lane cannot show that the district court clearly erred in its fact finding or erred in its application of the Guidelines in basing his sentence on a Grade B violation. *United States v. Miller*, 634 F.3d 841, 843–44 (5th Cir.2011); *United States v. Evans*, 587 F.3d 667, 672 (5th Cir.2009).

AFFIRMED.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.