# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-11370
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 10, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARIA DELSOCORRO RENTARIA,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:16-CR-209-1

Before STEWART, Chief Judge, and JOLLY and JONES, Circuit Judges.

PER CURIAM:[*]

Maria Delsocorro Rentaria appeals the district court's judgment revoking her supervised release and imposing a sentence of four months to be followed by a 24-month term of supervised release. Although Rentaria has been released from prison, her appeal is not moot because it is possible that the district court will alter her remaining term of supervised release if it is

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-11370

determined that she served excess prison time as a result of the district court's error. *See Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006).

Rentaria contends that the district court erred in failing to apply the exception to mandatory revocation under 18 U.S.C. § 3583(d) based on her failure to pass drug tests on two occasions. She asserts that the district court committed a significant procedural error by relying on a factor that Congress intended to exclude from consideration under § 3583(d).

This court reviews the district court's statutory interpretation de novo. *United States v. Courtney*, 979 F.2d 45, 48 (5th Cir. 1992). Pursuant to § 3583(g), revocation of supervised release is mandatory if, inter alia, the defendant possesses a controlled substance or tests positive for drug use more than three times in one year. However, § 3583(d) provides an exception to mandatory revocation under § 3583(g), requiring the district court to consider "the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, . . . when considering any action against a defendant who fails a drug test." § 3583(d).

Rentaria was subject to mandatory revocation because she admitted using marijuana on two occasions, thus implicitly admitting the possession thereof. *United States v. Smith*, 978 F.2d 181, 182 (5th Cir. 1992). The district court's comments reflect that it was aware of the exception to imposing a term of imprisonment upon mandatory revocation but its statements also showed that, based on Rentaria's conduct, the application of the exception was not warranted. Contrary to Rentaria's arguments, the district court considered factors other than Rentaria's mere failure to pass two drug tests.

Moreover, the district court stated that, in light of the record before it, it would have revoked Rentaria's supervised release whether or not revocation was mandatory. Thus, any error regarding the nature of the revocation was

No.  16-11370

harmless.  *See United States v. Martinez-Romero*, 817 F.3d 917, 924-25 (5th Cir. 2016).

The judgment is AFFIRMED.