# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-20076
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 2, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE G. PADILLA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:11-CR-204-1

Before JOLLY, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Jose G. Padilla appeals the district court's revocation of his supervised release. He argues that he was deprived of his due process right to confrontation when the district court admitted hearsay evidence in the form of an affidavit to find that he violated the terms of his supervised release by committing the new law violation of aggravated assault.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-20076

We review a claim that the district court violated the constitutional right to confrontation in a revocation proceeding de novo, subject to harmless error analysis. *United States v. Minnitt*, 617 F.3d 327, 332 (5th Cir. 2010). "An error is harmless when it does not affect the substantial rights of a party." *United States v. Carrillo*, 660 F.3d 914, 927 (5th Cir. 2011).

A defendant in a revocation hearing has a qualified right under the Due Process Clause to confront and cross-examine adverse witnesses, which may be disallowed upon a finding of good cause. *United States v. Grandlund*, 71 F.3d 507, 510 (5th Cir. 1995); FED. R. CRIM. P. 32.1(b)(2)(C). Assuming *arguendo* that the district court erred in admitting the hearsay evidence to find that he committed aggravated assault, the error was harmless. *See Minnitt*, 617 F.3d at 332. Padilla's supervised release would have been revoked even without the new law violation of aggravated assault as Padilla pleaded true to illegally possessing and unlawfully using controlled substances. *See* 18 U.S.C. § 3583(g)(1) (stating that revocation is mandatory for possession of a controlled substance). It is also unlikely that the district court would have sentenced him to further treatment instead of imprisonment pursuant to § 3583(d) given Padilla's history of unsuccessful drug treatment. *See United States v. Williams*, 847 F.3d 251, 254-55 (5th Cir.), *cert. denied*, 138 S. Ct. 192 (2017), Moreover, based on Padilla's admission to simple assault at the revocation hearing, the district court's comments show that it would have revoked Padilla's supervised release and imposed a term of imprisonment even absent the hearsay evidence. *See United States v. Rentaria*, 692 F. App'x 217, 218 (5th Cir. 2017).

To the extent that admission of the hearsay evidence affected the length of his sentence, we have held that the right of confrontation does not apply to the length of any resulting prison sentence. *Id.* Thus, Padilla cannot show

that the error affected his substantial rights. *See Carrillo*, 660 F.3d at 927. Therefore, the district court's judgment is AFFIRMED.