# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

April 13, 2018

Lyle W. Cayce
Clerk

No. 17-10906
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

VONTRELL LAVELLE WILLIAMS,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:17-CR-85-1

Before WIENER, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Defendant-Appellant Vontrell Lavelle Williams appeals the district court's revocation of his supervised release.  He argues that he was deprived of his due process right to confrontation when the district court allowed a witness to include hearsay testimony before the district court concluded that he violated the terms of his supervised release, thereby warranting revocation.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-10906

We review a claim that the district court violated the constitutional right to confrontation in a revocation proceeding de novo, subject to harmless error analysis. *United States v. Minnitt*, 617 F.3d 327, 332 (5th Cir. 2010). A defendant in a revocation hearing has a qualified right under the Due Process Clause to confront and cross-examine adverse witnesses, which may be disallowed on a finding of good cause. *United States v. Grandlund*, 71 F.3d 507, 510 (5th Cir. 1995); FED. R. CRIM. P. 32.1(b)(2)(C). Assuming *arguendo* that the district court erred in admitting the hearsay evidence to find that Williams violated the conditions of his supervised release by failing to submit certain monthly reports, including false employment information in some monthly reports, and making unauthorized trips outside of the judicial district, the error was harmless. *See Minnitt*, 617 F.3d at 332. Williams's supervised release would have been revoked even without the aforementioned violations because he pleaded true to illegally possessing a dangerous drug and to illegally using marijuana. *See* 18 U.S.C. § 3583(g)(1) (stating that revocation is mandatory for possession of a controlled substance). The record does not show that the district court would have sentenced him to substance abuse treatment instead of imprisonment pursuant to § 3583(d). Moreover, the other violations to which Williams pleaded true and the contested violations that were proven using non-hearsay testimony supported the district court's revocation decision. *See United States v. Padilla*, 707 F. App'x 817, 817 (5th Cir. 2018); *Minnitt*, 617 F.3d at 335-36.

The district court's judgment is AFFIRMED.