# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
April 28, 2020

Lyle W. Cayce
Clerk

No. 19-50802
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

CHRISTAL ELAINE POTTER, also known as Krisha Hines, also known as Kris Penn, also known as Marissa Valverde, also known as Page Jackson, also known as Christine Riggs, also known as Crystal Potter, also known as Christina L. Smith,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:11-CR-238-1

Before BARKSDALE, ELROD, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

In challenging the 18-month sentence imposed upon revocation of her term of supervised release (her second revocation), Christal Elaine Potter contends, for the first time on appeal, that the district court plainly erred by relying on an erroneously calculated advisory-sentencing range.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 19-50802

Preserved objections to revocation sentences are reviewed under the "plainly unreasonable" standard, *e.g.*, *United States v. Winding*, 817 F.3d 910, 913 (5th Cir. 2016) (citation omitted); but, as Potter admits, she did not raise this issue in district court, resulting in review being only for plain error, *e.g.*, *United States v. Warren*, 720 F.3d 321, 326 (5th Cir. 2013). Under that standard, Potter must show a forfeited plain error (clear or obvious error, rather than one subject to reasonable dispute) that affected her substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If she makes that showing, we have the discretion to correct such reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.*

The relevant revocation petition alleged, *inter alia*, that Potter had been charged with a Texas offense of possession of less than a gram of methamphetamine. A violation worksheet, prepared by a probation officer, characterized that conduct, pursuant to Sentencing Guideline § 7B1.1(a)(1) (classifications of supervised-release and probation violations), as a Grade A supervised-release violation. Based on that violation and Potter's original criminal history category of VI, the violation worksheet recommended an advisory sentencing range of 33–41 months' imprisonment, restricted to a maximum 24 months' imprisonment by the applicable statutory maximum for Potter's original offense. *See* 18 U.SC. § 3583(e)(3); U.S.S.G. §§ 7B1.4(a), (b)(3)(A).

At the revocation hearing, Potter did not plead true to the Texas possession offense; she did, however, plead true to a separate allegation that she had tested positive for methamphetamine on a different date. Such a positive drug test is evidence that she possessed methamphetamine. *See United States v. Middleton*, No. 93-4020, 1993 WL 209932, at *1 (5th Cir. 2 June 1993) (unpublished but precedential pursuant to Fifth Circuit Rule

2

47.5.3) (citations omitted); *United States v. Smith*, 978 F.2d 181, 182 (5th Cir. 1992).   Her possession of methamphetamine is, therefore, pursuant to Guideline § 7B1.1(b), at least a Grade B supervised-release violation because it constitutes a Texas offense punishable by more than one year of imprisonment.  *See* Tex. Health & Safety Code § 481.115(b) (criminalizing possession of specified controlled substances as at least "state jail felony"); Tex. Penal Code § 12.35(a) (establishing two-year-maximum term of imprisonment for state jail felonies).  Accordingly, considering her criminal-history category of VI for her original sentencing and the two-year statutory maximum for her original offense, the court could have calculated an advisory sentencing range of 21–24 months' imprisonment.   *See* 18 U.S.C. § 3583(e)(3); U.S.S.G. §§ 7B1.4(a), (b)(3)(A).   As noted, this was Potter's second revocation of supervised release, and she was sentenced to 18 months' imprisonment.  She did not receive an additional term of supervised release.  These two parts of the sentence were recommended by the Government.

Regarding Potter's contention that the court's stating it was considering a 24-month sentence shows it implicitly adopted the violation worksheet's 24-month advisory range, which was impermissibly based on the Grade A violation that she neither admitted nor was found by the court to have committed, it is also reasonable to conclude the court calculated the advisory range and sentenced her based on the Grade B supervised-release violation she admitted.  *See United States v. McCormick*, 54 F.3d 214, 219 & nn.4–5 (5th Cir. 1995) (citations omitted).  Because whether the court relied on the violation worksheet's advisory range is, therefore, open to reasonable dispute, Potter has not shown the requisite plain (clear or obvious) error.  *See, e.g.*, *Puckett*, 556 U.S. at 135.

AFFIRMED.